FILED

Nathalie Dubois
13428 Maxella Ave. Suite 274
Marina Del Rey, CA 90292
Tel. 310-482-9111

Plaintiff In Pro Se

PAID

JUN 2 5 2020

Clerk, US District Court
COURT 4612

2020 JUN 25 AM 9: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

CV20-5654-MwF(ADSx)

Case No.

| | |
|---|---|
| CAVI PUR LLC, ANNA SHOYKHET, GABRIELLE SHOYKHET, <br><br> Plaintiffs, <br><br> vs. <br><br> NATHALIE DUBOIS, DUBOIS PELIN ASSOCIATES GROUP, and DOES 1 through 10, <br><br> Defendants. | DEFENDANT NATHALIE DUBOIS, INDIVIDUALLY AND DOING BUSINESS AS DUBOIS PELIN ASSOCIATES GROUP NOTICE OF REMOVAL TO FEDERAL COURT; DECLARATION OF NATHALIE DUBOIS <br><br> Trial Date:  None Set |

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HER ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nathalie Dubois, individually and doing business as Dubois Pelin Associates Group ("Dubois") hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. This Court has original subject matter jurisdiction over Plaintiffs' lawsuit under 28 U.S.C. §1332(a), because complete diversity of citizenship exists between Plaintiff and Defendant, i.e., Plaintiffs are citizens of a different state than Defendant, and the amount in

controversy for Plaintiffs exceeds $75,000.00. In support of this Notice of Removal, Defendant states as follows:

## I.

## **INTRODUCTION**

1. This is a breach of contract action against Dubois and her sole proprietorship business fictitiously named Dubois Pelin Associates Group in connection with access to sell Plaintiffs' wares to film celebrities at the Intercontinental Carlton Hotel in Cannes, France during the Cannes Film Festival in May 2019.

2. On October 28, 2019, Plaintiffs filed their Complaint, entitled Cavi Pur LLC, Anna Shoykhet, Gabrielle Shoykhet, Plaintiffs, vs. Nathalie Dubois, Dubois Pelin Associates Group, and Does 1 through 10. Defendants, filed in the Superior Court of California, County of Los Angeles, Case No. 19SMCV01898. (Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Notice of Case Management Conference attached as Exhibit "A" to Notice of Removal.)

3. On December 6, 2019, Dubois filed her Demurrer and Motion to Strike. (Demurrer attached as Exhibit "B" to Notice of Removal and Motion to Strike attached as Exhibit "C" to Notice of Removal.)

4. On April 2, 2020, the Court issued a Minute Order re Court Closures. (Minute Order and Certificate of Mailing attached as Exhibit "D" to Notice of Removal.)

5. On April 16, 2020, the Court issued a Minute Order re Case Management Conference. (Minute Order and Certificate of Mailing attached as Exhibit "E" to Notice of Removal.)

6. On April 17, 2020, Plaintiffs filed their Case Management Statement and Proof of Service thereof. (Plaintiffs' Case Management Statement and Proof of Service attached as Exhibit "F" to Notice of Removal.)

7. On June 1, 2020, Plaintiffs filed their First Amended Complaint. (First Amended Complaint attached as Exhibit "G" to Notice of Removal.)

8. On June 2, 2020, Plaintiffs filed a Proof of Service (not Summons and Complaint). (Plaintiffs' Proof of Service attached as Exhibit "H" to Notice of Removal.)

1   9. Plaintiffs assert the following claims against Dubois: (1) Breach of Contract; (2)

2   Conversion, (3) Unfair Business Practices, (4) Assault, (5) Fraud and Deceit; and Intentional

3   and Negligent Infliction of Emotional Distress. (Complaint at pp. 1-11.) Plaintiffs seek general,

4   special, consequential, incidental, exemplary, treble and punitive damages, as well as

5   attorneys' fees, pre-judgment interest and restitution. (First Amended Complaint at p. 11.)

6   10. Dubois was served the First Amended Complaint on June 1, 2020. (Declaration of Nathalie

7   Dubois ("Dubois Decl.) at ¶ 8.)

8   11. To Dubois' knowledge, the pleadings attached as Exhibits "A" through "H" constitute all

9   process, pleadings, and orders filed in the state court action. *See* 28 U.S.C. §1446(a).

10   12. This Notice of Removal is timely filed within 30 days after service of the First Amended

11   Complaint. *See* 28 U.S.C. § 1446(b)(2)(b).

12                                    **II.**

13                   **JURISDICTIONAL BASIS FOR REMOVAL**

14   **A. Diversity of Citizenship**

15   13. Defendant Dubois, at all relevant times is and was an individual resident of the County of

16   Los Angeles, State of California. Dubois does business under the name of Dubois Pelin

17   Associates Group which is a sole proprietorship and not a separate business entity from herself

18   as a individual. (Dubois Decl. at ¶ 2.)

19   14. Plaintiff Anna Shoykhet is citizen and resident of New York. (First Amended Complaint at

20   ¶ 1.)

21   15. Plaintiff Gabrielle Shoykhet is citizen and resident of New York. (First Amended

22   Complaint at ¶ 2.)

23   16. Plaintiff Cavi Pur LLC ("Cavi") is alleged by Plaintiffs as a limited liability company

24   registered to do business in Florida. (First Amended Complaint ¶3.)

25   17. Cavi is actually a Florida limited liability company with it principal place of business at

26   16699 Collins Ave #2506, Sunny Isles Beach, FL 33160. (Dubois Decl. ¶ 4, Exhibit 1.)

27   18. The stated Manager and Authorized Person for Cavi is Caviar Wellness LLC ("Caviar").

28   (Dubois Decl. ¶ 5.)

19. Caviar is a Florida limited liability company with it principal place of business at 16699 Collins Ave #2506, Sunny Isles Beach, FL 33160. (Dubois Decl. ¶ 6, Exhibit 2.) Exhibit 2 lists Plaintiffs Anna Shoykhet and Gabrielle Shoykhet as the Managers and Authorized Persons for Caviar with addresses of 16699 Collins Ave #2506, Sunny Isles Beach, FL 33160. (Dubois Decl. ¶7, Exhibit 2.)

20. Dubois is a citizen of California. A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* at 857. It is presumed a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Ayala v. Cox Auto, No.* CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)). The First Amended Complaint alleges Dubois is an individual residing in Marina Del Rey, California. (First Amended Complaint ¶ 4; Dubois Decl. ¶ 3.)

21. Defendant Dubois is a citizen of California, and Plaintiffs are citizens of New York and Florida. Thus, complete diversity exists as required under 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

22. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

23. A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum is met, the Court should consider all recoverable damages, including compensatory damages, punitive damages, and attorneys' fees. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

1   24. The amount in controversy may be satisfied based on the allegations in the complaint.

2   *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a defendant may

3   use the allegations in the complaint to establish the amount in controversy); *Conrad Assocs. v.*

4   *Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

5   25. Plaintiffs' "Prayer For Relief" prays for judgment in the amount of "no less than

6   $100,000." (First Amended Complaint, p. 11.)

7   26. "[T]he amount in controversy is determined by the complaint operative at the time of

8   removal and encompasses all relief a court may grant on that complaint if the plaintiff is

9   victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018).

10   27. This is a contract-tort action in which Plaintiffs seek general, special, consequential,

11   incidental, exemplary, treble and punitive damages, as well as attorneys' fees, pre-judgment

12   interest and restitution. (First Amended Complaint at p. 11.)

13   28. Plaintiff Anna Shoykhet also seeks emotional distress damages as part of the prayer for

14   general damages. (*See* First Amended Complaint ¶ 82.) While Plaintiff does not state a specific

15   dollar amount of damages she seeks for emotional distress, the Court can properly include

16   these damages when determining whether the amount in controversy has been met. *See*

17   *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). Emotional distress

18   damages can be substantial. *See, e.g., Raphael Vasquez v. Los Angeles County Metropolitan*

19   *Transportation Authority*, Case No. BC484335, Los Angeles Superior Court, Nov. 12, 2012

20   (jury verdict awarding $1,250,000 for emotional distress in single plaintiff wrongful

21   termination and disability discrimination case); *Campbell v. National Passenger Railroad*

22   *Corp.*, 2009 WL 692094, (N.D. Cal., Mar. 3, 2009) (awarding $120,000 in noneconomic

23   damages in single plaintiff wrongful termination/retaliation case). Plaintiff's claim for

24   emotional distress damages further supports the amount in controversy requirement being met.

25   29. Plaintiffs are also seeks punitive damages, which are included in determining the

26   amount in controversy in a civil action. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th

27   Cir. 2001). Punitive damages here would only further increase the amount in controversy

28   above the $75,000 threshold Plaintiff.

1    30. Attorneys' fees should also be considered part of the amount in controversy and would

2    further increase this sum well above the $75,000.00 threshold. The Ninth Circuit has affirmed

3    numerous six-figure attorney fee awards in FEHA cases. *See, e.g., Muniz v. UPS*, 738 F.3d

4    214, 225 (9th Cir. 2013) (awarding $696,162.78 in attorneys' fees); *Mangold v. California*

5    *Pub. Utils. Comm'n*, 67 F.3d 1470, 1473, 1480 (9th Cir. 1995) (awarding $724,380 in

6    attorneys' fees); *Fair Hous. v. Combs*, 285 F.3d 899, 902 (9th Cir. 2002) (awarding

7    $508,606.78 in attorneys' fees). Accordingly, the amount in controversy requirement is

8    satisfied.

9    **III.**

10    **PROCEDURAL REQUIREMENTS FOR REMOVAL**

11    31. This Notice of Removal is timely filed within 30 days after the date of the first receipt by

12    Defendant of the First Amended Complaint setting forth the claims for relief upon which this

13    action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

14    526 U.S. 344, 354 (1999) (thirty-day time period under removal statute begins to run from the

15    date of formal service). Plaintiff served Dubois on June 1, 2020 by email and mailing of the

16    First Amended Complaint.

17    32. Since all Defendants request removal by this Notice of Removal, no other party's consent

18    to this removal is required. *See* 28 U.S.C. § 1446(b)(2)(A).

19    33. The Superior Court of California, County of Los Angeles, is located within the

20    territorial jurisdiction of the United States District Court for the Central District of California.

21    *See* 28 U.S.C. § 84.

22    34. Venue is proper in this Court because it is the "district and division embracing the place

23    where such action is pending." 28 U.S.C. § 1441(a).

24    35. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

25    upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California,

26    County of Los Angeles.

27

28

36. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct "limited" jurisdictional discovery, brief any disputed issues and to present oral argument in support of Dubois' position that this case is properly removable.

37. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Dubois' right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Dubois respectfully removes this action from the Superior Court of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: June 24, 2020

_____

Nathalie Dubois
Defendant Pro Se individually and doing business
as Dubois Pelin Associates Group

# <u>DECLARATION OF NATHALIE DUBOIS</u>

I, NATHALIE DUBOIS, DECLARE:

1.      I am over the age of eighteen. I have personal knowledge of the matters stated in this declaration, and if called to testify, I could do so competently.

2.      Plaintiffs have sued me as an individual Defendant. Plaintiffs have also named Dubois Pelin Associates Group ("DPAG") as a defendant. For all relevant times mentioned in Plaintiffs' Complaint and First Amended Complaint, DPAG is a fictitious business name which is not a separate business entity from myself.

3.      For all relevant times mentioned in Plaintiffs' Complaint and First Amended Complaint and at the time of filing this Notice of Removal, I was and am currently a citizen of the State of California, residing in the County of Los Angeles, City of Marina del Rey as my permanent home and with the intention to remain.

4.      I went to the website of the Florida Secretary of State and after researching the name of Cavi Pur, LLC, found that Cavi Pur, LLC is a Florida limited liability company with its principal place of business at 16699 Collins Ave #2506, Sunny Isles Beach, FL 33160. (Attached as Exhibit 1 is a copy of the 2019 Florida Limited Liability Company Annual Report filed by Cavi Pur, LLC.)

5.      The stated Manager and Authorized Person for Cavi Pur, LLC is Caviar Wellness, LLC. (See attached Exhibit 1.)

6.      Caviar Wellness, LLC is a Florida limited liability company with it principal place of business at 16699 Collins Ave #2506, Sunny Isles Beach, FL 33160. (Attached as Exhibit 2 is a copy of the 2019 Florida Limited Liability Company Annual Report  filed by Caviar Wellness, LLC.)

7.      Exhibit 2 lists Plaintiffs Anna Shoykhet and Gabrielle Shoykhet as the Managers and Authorized Persons for Caviar with addresses of 16699 Collins Ave #2506, Sunny Isles Beach, FL 33160.

8.      I was served with Plaintiffs' First Amended Complaint on June 1, 2020, by email from Plaintiffs' attorneys who attached a copy of the First Amended Complaint to the email.

I declare under the penalty of perjury under the laws of the United States of America that matters stated in this declaration are true and correct.

Executed this 24th day of June 2020 at Marina del Rey, California.

_____

Nathalie Dubois, declarant

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 13428 Maxella Ave. Suite 274 Marina Del Rey, CA 90292

On June 24, 2020, I served true copies of the foregoing document(s) described as: DEFENDANT NATHALIE DUBOIS, INDIVIDUALLY AND DOING BUSINESS AS DUBOIS PELIN ASSOCIATES GROUP NOTICE OF REMOVAL TO FEDERAL COURT; DECLARATION OF NATHALIE DUBOIS
on the interested parties in this action by placing a true and correct copy of the document thereof enclosed in sealed envelopes addressed as follows:

Natalia Mazina, Esq.                  Attorneys for Plaintiffs Cavi Pur LLC, Anna
Amanpreet Kaur, Esq.                  Shoykhet, Gabrielle Shoykhet
MAZJNA LAW
10866 Wilshire Blvd., 4th Floor
Los Angeles, CA 90024

(BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of June 2020 at Marina del Rey, CA.


Aboubacar Sissoko

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/31/2019 02:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Fowler,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATHALIE DUBOIS, DUBOIS PELIN ASSOCIATES GROUP, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CAVI PUR LLC, ANNA SHOYKHET, GABRIELLE SHOYKHET

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Santa Monica Courthouse<br>1725 Main Street<br>Santa Monica, CA 90401 | CASE NUMBER: *(Número del Caso):*<br>19SMCV01898 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

MAZINA LAW, 10866 Wilshire Blvd., 4th Floor, Los Angeles, CA 90024; 415-802-4057

| DATE:<br>*(Fecha)* 10/31/2019 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* Donita Fowler | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [x] on behalf of *(specify):* DUBOIS PELIN ASSOCIATES GROUP

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

**Page 1 of 1**


[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

012

**For your protection and privacy, please press the Clear This Form button after you have printed the form.** | Print this form | Save this form | **Clear this form**

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Craig Karlan

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2019 05:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Bradley,Deputy Clerk

1   NATALLIA MAZINA (SBN 271824)
2   AMANPREET KAUR (SBN 271782)
    MAZINA LAW
3   10866 Wilshire Blvd., 4th Floor
    Los Angeles, CA 90024
4   Tel.: (818) 945-9005
    Fax: (415) 358-8839
5
6   Attorneys for Plaintiff
    CAVI PUR LLC, ANNA SHOYKHET,
7   GABRIELLE SHOYKHET

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, NORTH VALLEY DISTRICT

10

11

12  CAVI PUR LLC, ANNA SHOYKHET,        )   Case No.:
    GABRIELLE SHOYKHET,                 )
13                                      )   **COMPLAINT FOR:**
                         Plaintiffs,    )      1) **Breach of Contract**
14                                      )      2) **Conversion**
         vs.                            )      3) **Unfair Business Practices**
15                                      )      4) **Assault**
    NATHALIE DUBOIS, DUBOIS PELIN       )      5) **Fraud and Deceit**
16  ASSOCIATES GROUP, and DOES 1 through )
    10,                                 )
17                                      )   **DEMAND FOR JURY TRIAL**
                         Defendants.    )
18                                      )   Action Filed: October___, 2019
                                        )   Trial Date: None set
19  _____ )

20

21         Plaintiffs Anna Shoykhet ("Anna"), Gabrielle Shoykhet ("Gabrielle") and Cavi Pur LLC

22  ("Cavi Pur") (collectively "Plaintiffs"), by and through their attorneys, based on their own

23  experience and investigation and the independent investigation of counsel and information and

24  belief, allege against Defendants Nathalie Dubois ("Nathalie") and Dubois Pelin Associates

25  Group ("DPA Group") (collectively "Defendants") as follows:

26                              **NATURE OF ACTION**

27         This is a civil action for breach of contract, conversion, breach of contract, assault, and

28  unfair business practices under California's Consumers Legal Remedies Act ("CLRA") and

fraud arising out of Defendants' treatment of Plaintiffs in connection to Defendants' two "gifting suite" sponsorship events. During the first suite – at the Cannes Film Festival – Plaintiffs Anna and Gabrielle were physically threatened and verbally insulted in public by Defendants and on behalf of Defendants. Defendants further failed to deliver on many of the obligations included in their agreement with Plaintiffs for the first suite, including fraudulently inducing Plaintiffs into the agreement as a condition of taking part in the second "gifting suite" during the ESPY Awards. Defendants knew Plaintiffs' interest was limited to the second gifting suite at the ESPY Awards and conditioned their participation in the ESPY Awards Suite on their participation in the Cannes Film Festival Suite, forcing Plaintiffs to pay for both suites all at once and far in advance.  Defendants never intended to deliver the second gifting suite.

## THE PARTIES

1.      Plaintiff Anna is a citizen and resident of Brooklyn, New York.

2.      Plaintiff Gabrielle is a citizen and resident of Brooklyn, New York.

3.      Plaintiff Cavi Pur is a limited liability company registered to do business in Florida.

4.      Upon information and belief, Defendant Nathalie is an individual residing in Marina Del Rey, California.  Shortly before the commencement of the acts alleged herein, Plaintiff was instructed to reach Defendant Nathalie at an address in Marina Del Rey.

5.      Upon information and belief, Defendant DPA Group is an unregistered entity doing business in California and abroad.

6.      The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, either individual, corporate, limited liability company or partnership, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue said defendants by such fictitious names and will seek leave of court to amend this complaint in order to show the true names and capacities of said defendants when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE are responsible in

1   some manner for the events and happenings herein referred to and which proximately caused the
2   damages as hereinafter alleged.

3                                   **JURISDICTION AND VENUE**

4          7.      Jurisdiction over Defendants is proper under California Code of Civil Procedure
5   Sec. 410.10.

6          8.      The harms and obligations alleged herein were incurred and occurred in Los
7   Angeles County.

8          9.      Jurisdiction is premised upon the fact that the damages suffered by Plaintiffs are
9   in excess of the minimum sum required for jurisdiction in the Superior Court of the State of
10  California.

11         10.     This Court has general jurisdiction over Nathalie because she lives and/or
12  conducts business in California by contracting to supply services here, and has thus purposefully
13  availed herself of the jurisdiction of this Court.

14         11.     This Court has general jurisdiction over DPA Group because it conducts business
15  in California by contracting to supply services here, and has thus purposefully availed itself of
16  the jurisdiction of this Court.

17         12.     Venue and jurisdiction are further proper in this county as Defendants asked
18  Plaintiffs to deliver the products at issue in this case to an address in Marina Del Rey.

19                                   **FACTUAL BACKGROUND**

20         13.     Plaintiffs Anna and Gabrielle are a mother and daughter team behind the Cavi Pur
21  venture, a small business creating nutrient rich supplement powder.

22         14.     Upon information and belief, Defendant Nathalie is the founder and executive of
23  DPA Group.

24         15.     Upon information and belief, DPA Group's exclusive business is to sell brand
25  representatives access to "gifting suites" where the representatives can expect to meet well-
26  known A-list celebrities that may be seen promoting their products.

27         16.     Upon information and belief, these gifting suites are associated with awards
28  ceremonies around which celebrities congregate.

17.     In late April, 2019 Plaintiffs purchased the "platinum package" from Defendants which entitled them access to two gifting suites for a total cost of $12,000.  $4,000 for the gifting suite associated with the ESPY Award ceremony, and $8,000 for the suite associated with the Cannes Film Festival.

18.     The Cannes Film Festival gifting suite ("Cannes Suite") was to be held at the Intercontinental Carlton Hotel in Cannes, France from May 15 to 23, 2019.

19.     The Excellence in Sports Performance Yearly Award gifting suite ("ESPY Suite") was to be held at the Luxe Hotel in Los Angeles from July 15 to 16, 2019.

20.     Plaintiffs intended to participate only in the ESPY Suite due to the nature of Cavi Pur's supplement, which focuses on increasing endurance and fast recovery after physical activities. In order to participate in the ESPY Suite, Defendants required Plaintiffs to purchase both the Cannes and ESPY Suites as a bundle. Not being offered a choice in the matter, Plaintiffs purchased both gifting suites.

21.     As part of the platinum package, Defendants agreed to deliver, among other things, the following:

        a.  Access to A-list celebrities to whom Plaintiffs would be allowed to present Cavi Pur branded products during each gifting suite;

        b.  Professional PR staff members who would be responsible for escorting celebrities to Cavi Pur's table during each gifting suite;

        c.  Professional photographers to capture Plaintiffs' table, products, and impressions with celebrities at each gifting suite.  Those professional photographs would then be transferred to Plaintiffs in the form of CDs or web links within a day after the end of each gifting suite;

        d.  Mentions of Cavi Pur in Defendants' pre and post press releases and in its various social media.

22.     In preparation for the Cannes Suite, Plaintiffs purchased airline tickets, hotel accommodations, proper attire and transportation; printed and prepared marketing materials; and pulled 375 bottles of their product from inventory to give away at the suite.

23.     During the Cannes Suite, Defendants failed to provide A-list celebrities, professional staff, or professional photographs.

24.     With the exception of two, the multi-day Cannes Suite offered "celebrities" that were, at best, actors who had small roles in television episodes and, at worst, Nathalie's friends and associates all of whom expected free samples from Plaintiffs.

25.     Making things worse, on May 21, 2019 (in the middle of the multi-day Cannes Suite), Nathalie became enraged toward Anna for no apparent reason except Nathalie disliked the fact that Anna was sharing a bottle of wine with Nathalie's associate or client, Jesse Hino, outside of the gifting suite toward the end of the day in order to celebrate Jesse associate's birthday.

26.     As recorded in a police report of the incident, Nathalie was recorded describing Anna using highly offensive racial terms, including "disgusting Jew" and "disrespectful Jewish drunk."

27.     Nathalie physically pushed Anna back as Anna tried to enter into the suite where Gabrielle was attending to the Cavi Pur table.

28.     Nathalie blocked Anna from entering the suite.

29.     Plaintiffs did not violate any hotel or DPA Group rules, yet Nathalie had Plaintiffs removed from the venue altogether by hotel security.

30.     As is apparent from the police report, no one was drunk or drinking irresponsibly.

31.     Anna was distraught by the incident and was taken to the hospital. The hospital report showed that Anna had no detectable level of alcohol in her blood and that she had an elevated heart rate and blood pressure suggesting a cardiac event.

32.     Defendants seized Plaintiffs' remaining products (approx. 180 bottles of the supplement) from the Cannes Suite, which were later returned but some products were damaged and therefore became unsellable.  Defendants failed to include Plaintiffs in any further press releases.

33.     Despite this treatment, Plaintiffs intended to continue with the ESPY Suite, which was more important to Plaintiffs due to the nature of their product. However, Defendants never responded to Plaintiffs' inquiries about the ESPY Suite.

34.     Plaintiffs later learned that Defendants never intended to participate in the ESPY Suite as it was not listed on Defendants website. In fact, Defendants initially provided Plaintiffs with the wrong dates for the ESPY Suite and had no intent to participate in the ESPY Suite.

35.     Defendants retained the $4,000 for the EPSY Suite and failed to issue a refund as requested by Plaintiffs.

## COUNT I: BREACH OF CONTRACT

### *(As Against All Defendants)*

36.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

37.     On or around April 22, 2019, Plaintiff Gabrielle entered into an agreement (oral and written) on behalf of Plaintiff Cavi Pur with Defendants, providing that Defendants would, among other things, provide Plaintiffs access to the Cannes Suite and the EPSY Suite for their full duration, and that the Suites would include A-list celebrities and professional staff.

38.     Plaintiffs delivered $8,000 on April 22, 2019 and $4,000 on May 2, 2019 for a total of the agreed upon sum of $12,000 for the package.

39.     Plaintiffs delivered the required two samples of their product to Defendant.

40.     Plaintiffs performed all of the conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of their agreement with Defendants.

41.     Defendants failed and/or refused to perform their obligations in full accordance with the agreement.

42.     Defendants failed in their obligation to provide A-list celebrities at the Cannes Suite.

43.     Defendants failed in their obligation to provide Plaintiffs access to the Cannes Suite in its final days.

44.     Defendants failed in their obligation to furnish *professional* quality photographs from the Cannes Suite.  Plaintiffs were forced to employ professional services to edit the poor quality photographs.

45.     Defendants' failed in their obligation to include Plaintiffs in their social media or post event press releases.

46.     Finally, Defendants failed in their obligation to provide Plaintiffs access to the EPSY Suite altogether.

47.     As a direct and proximate result of Defendants' material breaches of their agreement, Plaintiffs have been damaged.

WHERFORE, Plaintiffs pray for relief as set forth below.

## **COUNT II:  CONVERSION**

### *(As Against All Defendants)*

48.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

49.     On May 21, after Defendant Nathalie banned Plaintiffs from re-entering the Cannes Suite, Defendant wrongfully exercised control over all of Plaintiffs' remaining Cavi Pur branded product.

50.     Plaintiffs brought 375 bottles of their supplements to the Cannes Suite to distribute to the A-list celebrities, who were promised to attend.

51.     Upon information and belief, Plaintiffs were required to give away many of the bottles to people who were simply Defendants' acquaintances, certainly not celebrities.

52.     Further, after Defendants disallowed Plaintiffs Anna and Gabrielle from re-entering the Cannes Suite, Defendants took possession of the remaining supplement bottles, totally approximately 180. Later, the product was returned to Plaintiffs but many bottles were damaged and therefore unsellable.

1   53.   Plaintiffs did not consent to either giving away their products to non-celebrities or
2   to Defendants.

3   54.   Plaintiffs have been harmed and Defendants' conduct was a substantial factor in
4   causing Plaintiffs' harm.

5   WHERFORE, Plaintiffs pray for relief as set forth below.

6

7   **COUNT III:  UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA'S CONSUMER**
8   **LEGAL REMEDIES ACT**

9   *(As Against Defendant DPA Group and Nathalie Dubois )*

10

11   55.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1
12   through 53 as if fully set forth herein.

13   56.   Defendant DPA Group's above described acts of representing its gifting suites as
14   having A-list celebrities and professional photographers and staff were and are unfair methods of
15   competition and unfair or deceptive acts and practices in violation of the Consumer Legal
16   Remedies Act, Civil Code Section 1750, *et seq.* ("CLRA").

17   57.   CLRA section 1770(a)(5) prohibits "representing that...services have sponsorship,
18   approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that
19   a person has a sponsorship, approval, status, affiliation, or connection which he or she does not
20   have."  Defendant violated this provision by making the misrepresentations described above,
21   including but not limited to, having A-list celebrities present at its gifting suites and participation
22   in ESPY Suite.

23   58.   CLRA section 1770(a)(7) prohibits "representing that goods or services are of a
24   particular standard, quality, or grade, or that goods are of a particular style or model, if they are
25   of another."  Defendant violated this provision by making the misrepresentations described
26   above, including but not limited to, having A-list celebrities, professional PR staff, and
27   professional photographers present at its gifting suites.

28   59.   The violations of the CLRA have caused pecuniary loss to Plaintiffs.

1  WHERFORE, Plaintiffs pray for relief as set forth below.

2  **COUNT IV:  ASSAULT**

3  *(As Against Defendant Nathalie Dubois)*

4

5  60.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

6  through 58 as if fully set forth herein.

7  61.    On May 21, 2019, as Defendant was in the middle of her racial tirade, describing

8  Anna as a "disgusting Jew," she physically blocked her from entering the door to the Cannes

9  Suite.

10  62.    Defendant acted, intending to cause harmful and offensive contact by physically

11  pushing Plaintiff Anna to stop her from entering the Cannes Suite while shouting verbal insults

12  at her.

13  63.    Anna reasonably believed that she was about to be touched in a harmful and

14  offensive manner as Defendant approached her to block her from entering the Cannes Suite.

15  64.    Anna did not consent to Defendant physically blocking her in the manner she did

16  while verbally insulting her.

17  65.    Anna was harmed by Defendant's conduct and was taken to the hospital

18  immediately following the incident.

19  66.    Defendant's conduct was a substantial factor in causing Plaintiff's harm that lead

20  to her hospital visit.

21  WHERFORE, Plaintiffs pray for relief as set forth below.

22  **COUNT V:  FRAUD AND DECEIT**

23  *(As Against All Defendants)*

24  67.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

25  through 67 as if fully set forth herein.

26  68.    In order for Plaintiffs to participated in the ESPY Suite, Defendants – namely

27  Nathalie Dubois – required that Plaintiffs pay for both the Cannes Suite and the ESPY Suite at

28  the same time, and purchase them as a bundle.

69.     Defendants never intended to deliver the ESPY Suite.

70.     When Defendants required Plaintiffs to purchase both suites at the same time, Defendants knew that they would not be able to deliver the ESPY Suite because no such event was scheduled for July 15-16, 2019, as described in the contract.

71.     When Defendants required Plaintiffs to purchase both the Cannes Suite and ESPY Suite as a bundle, Plaintiffs did not have any reasons to know – and did not know – that Defendants would fail to deliver the ESPY Suite. Therefore, Defendants made a promise that was important to the transaction and which induced Plaintiffs to enter into the contract with Defendants, when Defendants never intended to perform on such promise.

72.     As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs have been damaged by relying on Defendants' promise to deliver ESPY Suite, which was important to Plaintiffs' business.

73.     In engaging in the conduct alleged herein, Defendants acted with oppression, fraud, and malice. As a result, Plaintiffs are entitled to exemplary damages.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     For general, special, consequential and incidental damages in such sums as may be sustained by proof and ascertained before judgment herein, but of not less than $100,000, according to proof;

B.     For exemplary, treble, and punitive damages in an amount to be determined by the court, but in no event less than One Million Dollars ($1,000,000).

C.     For pre-judgment interest on such monetary relief;

D.     For cost of bringing this suit, including reasonable attorneys' fees; and

E.     For such other and further relief as the Court may deem just and proper.

1    DATED: October 28, 2019                    MAZINA LAW

2

3                                                NATALLIA MAZINA
                                                 AMANPREET KAUR
4                                                Attorneys for Plaintiffs
                                                 ANNA SHOYKHET, GABRIELLE SHOYKHET
5                                                CAVI PUR LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| NATALLIA MAZINA (SBN 271824) |
| MAZINA LAW, 10866 Wilshire Blvd., 4th Floor, Los Angeles, CA 90024 |

TELEPHONE NO.: 818-945-9005   FAX NO.: 415-358-8839
ATTORNEY FOR *(Name):* CAVI PUR LLC, ANNA SHOYKHET et al

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: Santa Monica Courthouse
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
Cavi Pur LLC et al. v. Nathalie Dubois et al.

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |
| ☐ Limited (Amount demanded is $25,000 or less) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 5: Breach of Contract, Conversion, Unfair Bus. Practices, Assault, Fraud
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 23, 2019
Natallia Mazina
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/28/2019**<br>Sherri R. Carter Executive Officer / Clerk of Court<br>By:    Jacob Bradley    Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19SMCV01898 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Craig D. Karlan | N | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/29/2019
      (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Jacob Bradley                              , Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**10/28/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By:      Jacob Bradley      Deputy

COURTHOUSE ADDRESS:
**Santa Monica Courthouse**
**1725 Main Street, Santa Monica, CA 90401**

PLAINTIFF:
**Anna Shoykhet  et al**

DEFENDANT:
**Nathalie Dubois et al**

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
**19SMCV01898**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 04/27/2020 | 8:30 AM | N |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  __10/29/2019__

_Craig D. Karlan / Judge_
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

[☑] by depositing in the United States mail at the courthouse in __Santa Monica__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing of the complaint.

Natallia Mazina
10866 Wilshire Blvd. 4th Floor
Los Angeles,, CA 90024

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  __10/29/2019__

By  Jacob Bradley
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

027

# EXHIBIT B

1    Nathalie Dubois
2    3428 Maxella Ave. Suite 274
     Marina Del Rey, CA 90292
3    Tel. 310-482-9111

4    Plaintiff In Pro Per

**FILED**
Superior Court of California
County of Los Angeles

**DEC 06 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
     Brian McClendon

5

6         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7      **COUNTY OF LOS ANGELES, SANTA MONICA COURTHOUSE**

8                 **UNLIMITED JURISDICTION**

9

10 | CAVI PUR LLC, ANNA SHOYKHET,
11 | GABRIELLE SHOYKHET,

12            Plaintiffs,

13 | vs.

14 | NATHALIE DUBOIS, DUBOIS PELIN
15 | ASSOCIATES GROUP, and DOES 1 through 10,

16           Defendants.

Case No.: 19SMCV01898

Assigned to Judge Craig D. Karlan
Department N

**DEFENDANT'S NOTICE OF DEMURRER AND
DEMURRER TO PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES; REQUEST FOR JUDICIAL
NOTICE**

17
18 Date: October 20, 2020
Time: 8:30 a.m.
Dept: N

19

20 Complaint filed: October 28, 2019

**[Reservation ID 940599952076]**

21

22 **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 PLEASE TAKE NOTICE that on October 20, 2020, at 8:30 a.m. in Department N of the above-

24 entitled Court, located at 1725 Main Street, Santa Monica, CA 90401, Defendant NATHALIE

25 DUBOIS ("Nathalie" or "Defendant") hereby demurs to the Plaintiffs' Cavi Pur LLC ("Cavi"), Anna

26 Shykhet ("Anna") and Gabrielle Shoykhet's ("Gabrielle") as follows:

27

28

1

DEMURRER TO COMPLAINT

## DEMURRER TO THE ENTIRE COMPLAINT

Nathalie demurs to the entire Complaint because the pleading does not state facts sufficient to constitute a cause of action against this defendant. *Code of Civ. Proc. ("CCP")* §§ 430.10(e), 430.30(a), 430.50(a) and 430.70.

## DEMURRER TO COUNT I

Nathalie demurs to Plaintiff's Count I for Breach of Contract on the grounds that it fails to state facts sufficient to constitute a cause of action against this defendant. *CCP* §§ 430.10(e), 430.30(a), 430.50(a) and 430.70.

Nathalie demurs specially to Plaintiff's Count I for Breach of Contract on the grounds that it is uncertain and ambiguous. *CCP* §§ 430.10(f), 430.30(a), 430.50(a) and 430.70; *Cal. Rules of Court Rule 2.112.*

## DEMURRER TO COUNT II

Nathalie demurs to Plaintiff's Count II for Conversion on the grounds that it fails to state facts sufficient to constitute a cause of action against this defendant. *CCP* §§ 430.10(e), 430.30(a), 430.50(a) and 430.70.

Nathalie demurs specially to Plaintiff's Count II for Conversion on the grounds that it is uncertain and ambiguous. *CCP* §§ 430.10(f), 430.30(a), 430.50(a) and 430.70; *Cal. Rules of Court Rule 2.112.*

## DEMURRER TO COUNT III

Nathalie demurs to Plaintiff's Count III for Violation of California's Consumer Legal Remedies Act Section 1750, et seq. on the grounds that it fails to state facts sufficient to constitute a cause of action against this defendant. *CCP* §§ 430.10(e), 430.30(a), 430.50(a) and 430.70.

Nathalie demurs specially to Plaintiff's Count III for Violation of California's Consumer Legal Remedies Act Section 1750, et seq. on the grounds that it is uncertain and ambiguous. *CCP* §§ 430.10(f), 430.30(a), 430.50(a) and 430.70; *Cal. Rules of Court Rule 2.112.*

## DEMURRER TO COUNT IV

Nathalie demurs to Plaintiff's Count IV for Assault on the grounds that it fails to state facts sufficient to constitute a cause of action against this defendant. *CCP* §§ 430.10(e), 430.30(a), 430.50(a)

1 | and 430.70.

2 |      Nathalie demurs specially to Plaintiff's Count IV for Assault on the grounds that it is

3 | uncertain and ambiguous. *CCP §§ 430.10(f), 430.30(a), 430.50(a) and 430.70; Cal. Rules of Court*

4 | *Rule 2.112.*

5 | This Demurrer is based on this Notice, the attached Memorandum of Points and Authorities, any reply

6 | thereto, the pleading and records on file in this action, the matters which the Court may take judicial

7 | notice, and such grounds and argument as may be presented at the time of hearing.

8 | **DEMURRER TO COUNT V**

9 |      Nathalie demurs to Plaintiff's Count V for Fraud and Deceit on the grounds that it fails to

10 | state facts sufficient to constitute a cause of action against this defendant. *CCP §§ 430.10(e),*

11 | *430.30(a), 430.50(a) and 430.70.*

12 |      Nathalie demurs specially to Plaintiff's Count V for Fraud and Deceit on the grounds that it is

13 | uncertain and ambiguous. *CCP §§ 430.10(f), 430.30(a), 430.50(a) and 430.70; Cal. Rules of Court*

14 | *Rule 2.112.*

15 |

16 | Dated: December 6, 2019

17 |

18 |

19 | Nathalie Dubois

20 | Defendant In pro per individually and dong business
as Dubois Pelin Associates Group

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.   INTRODUCTION**

3       This is an action by Plaintiffs for alleged events at a sales promotion event at the prestigious

4  Cannes Film Festival in France. [Compl. ¶2:1-2].

5  **II.   RELEVANT FACTS STATED IN THE COMPLAINT**

6       At Cannes Film Festival Plaintiffs were physically threatened and verbally insulted in public by

7  Defendant [Compl. ¶2:2-3].

8       Defendant failed to deliver many obligations in agreement with Plaintiffs for the first suite.

9  [Compl. ¶2:4-5].

10      Defendant fraudulently induced Plaintiffs into the agreement as a condition of taking part in the

11  second gifting suite during the ESPY Awards. [Compl. ¶2:5-8].

12      Defendant knew Plaintiffs' interest was limited to the second gifting suite at the ESPY Awards

13  and conditioned their participation in ESPY Awards on their participation in the Cannes Film Festival

14  Suite, forcing Plaintiffs to pay for both suites all at once and far in advance. [Compl. ¶2:8-11].

15      Defendant never intended to deliver the second gifting suite. [Compl. ¶2:11].

16      Cavi is a Florida LLC [Compl. ¶3].

17      Plaintiff was instructed to reach Defendant Nathalie [Compl. ¶4].

18      DPA Group is an unregistered entity doing business [Compl. ¶5].

19      Anna and Gabrielle are part of the Cavi LLC [Compl. ¶13].

20      Nathalie is an executive of DPA Group [Compl. ¶14].

21      DPA's business is to access to suites where representatives of product such as Cavi have the

22  opportunity to meet celebrities to encourage the celebrities to promote said products. [Compl. ¶15].

23      In late April 2019, Plaintiffs purchased the platinum packages from Defendant which entitled

24  them to access to two gifting suites for a total of $12,000. $4,000 for gifting suite associated with the

25  ESPY Award ceremony, and $8,000 for the suite associated with the Cannes Film Festival. [Compl.

26  ¶17].

27      Plaintiffs intended to participate only in the ESPY Suite. In order to participate in the ESPY

28  Suite, Defendant required Plaintiff to purchase both the Cannes and ESPY Suites as a bundle. [Compl.

1  ¶20].

2        As part of the platinum package, Defendant agreed to deliver… [Compl. ¶21].

3        Plaintiff incurred costs in going to Cannes to promote their product [Compl. ¶22].

4  **III.    ARGUMENT**

5  **A.    LEGAL STANDARD FOR A DEMURRER**

6        Pursuant to *Code of Civil Procedure* § 430.10 (e-f), a defendant may file a demurrer to a

7  complaint if 1) the pleading does not state facts sufficient to constitute a cause of action or 2) the

8  pleading is uncertain, which includes ambiguous and unintelligible.

9        A plaintiff must plead "the essential facts of his case with reasonable precision and with

10  particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of

11  action." (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 608.)

12        "It is settled law that a pleading must allege facts and not conclusions, and that material facts

13  must be alleged directly and not by way of recital. Also, in pleading, the essential facts upon which a

14  determination of the controversy depends should be stated with clearness and precision so that nothing

15  is left to surmise. Those recitals, references to, or allegations of material facts, which are left to

16  surmise, are subject to special demurrer for uncertainty." (*Ankeny v. Lockheed Missiles and Space Co.*

17  (1979) 88 Cal.App.3d 531, 537.)

18        The grounds for the objection to a complaint must "appear on the face thereof, or from any

19  matter of which the court is required to or may take judicial notice." (*Code of Civil Procedure* § 430.30

20  (a).) Further, if there is no reasonable possibility that a defect of the complaint can be cured, a

21  demurrer should be sustained without leave to amend. (*Gould v. Maryland Sound Industries, Inc.*

22  (1995) 31 Cal.App.4th 1137, 1153.)

23        "The burden is on the plaintiff to show in what manner the complaint can be amended and

24  how such an amendment would cure the defect." (*Id.*)

25  **B.    COUNT I FOR BREACH OF CONTRACT FAILS TO STATE SUFFICIENT FACTS**

26  **AND IS UNCERTAIN AS A MATTER OF LAW**

27        Plaintiffs allege breach of contract against Defendant. [Compl. ¶¶ 36-47].

28

1    **1.**    <u>**The Law**</u>

2    *Code of Civ. Proc.* § 367 provides: "Every action must be prosecuted in the name of the real

3  party in interest, except as otherwise provided by statute." See *Gantman v. United Pac. Ins. Co.* (1991)

4  232 Cal.App.3d 1560, 1566; *Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.)* (2009)

5  180 Cal.App.4th 980, 991.

6    To prevail on a breach of contract claim, the Plaintiffs will need to establish each of these

7  essential elements: (1) the contract, (2) the plaintiff's performance of the contract or excuse for

8  nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." (*Richman v.*

9  *Hartley* (2014) 224 Cal.App.4th 1182, 1186.)

10    "A contract is a voluntary and lawful agreement, by competent parties, for a good

11  consideration, to do or not to do a specified thing." (*Robinson v. Magee,* (1858) 9 Cal. 81, 83.)

12  "Whether a contract is sufficiently definite to be enforceable is a question of law for the court." (*Ladas*

13  *v. California State Automobile Assn.* (1993) 19 Cal.App.4th 761, 770, fn. 2.)

14    The execution of a contract in writing, whether the law requires it to be written or not,

15  supersedes all of the negotiations or stipulations concerning its subject matter that preceded or

16  accompanied the execution of the contract.

17    Terms set forth in a writing intended by the parties as a final expression of their agreement with

18  respect to the terms included in the writing may not be contradicted by evidence of any previous

19  agreement or of a contemporaneous oral agreement. *Code Civ. Proc.* § 1856(a).

20    The complaint cannot merely plead that the parties had a contract; rather, it must plead the

21  relevant contract terms. *See Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal.123, 124 (1880) ("Where a

22  party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are

23  not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be material has

24  been omitted, the complaint is insufficient."); *see also Harris v. Rudin, Richman & Appel*, (1999) 74

25  Cal.App.4th 299, 307 ("If the action is based on alleged breach of a written contract, the terms must be

26  set out verbatim in the body of the complaint or a copy of the written agreement must be attached and

27  incorporated by reference."). Here Plaintiffs failed to attach the written contract to the complaint or

28  quote verbatim the material terms of the contract in complaint.

1   2.   The defects in Plaintiffs' allegations

2       a.   Plaintiff Anna

3           ¶ 37 alleges that Gabrielle entered into an oral and written agreement on behalf of Cavi.

4   Thus, Anna is not a party to any agreement oral or written and has no standing as to this cause of

5   action and cannot allege sufficient facts to constitute a cause of action.

6       b.   Plaintiff Gabrielle

7           ¶ 37 alleges that Gabrielle entered into an oral and written agreement on behalf of Cavi.

8   Thus, Gabrielle is not a party since she was purportedly acting as an agent to any agreement oral or

9   written and has no standing as to this cause of action and cannot allege sufficient facts to constitute a

10  cause of action.

11      c.   Plaintiff Cavi

12          It is unclear as to the agency and authority of Gabrielle on behalf of Cavi.

13          Further since a written contract is alleged, a copy of the agreement must be attached

14  since the writing as a matter of law controls the "agreement" between Cavi and Defendant DPA since

15  the allegations of the complaint do not set forth material terms and conditions.

16  C.  COUNT II FOR CONVERSION FAILS TO STATE SUFFICIENT FACTS AND IS

17      UNCERTAIN AS A MATTER OF LAW

18          Plaintiffs allege conversion against Defendant. [Compl. ¶¶ 48-54].

19          *Code of Civ. Proc.* § 367 provides: "Every action must be prosecuted in the name of the real

20  party in interest, except as otherwise provided by statute." See *Gantman v. United Pac. Ins. Co.* (1991)

21  232 Cal.App.3d 1560, 1566; *Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.)* (2009)

22  180 Cal.App.4th 980, 991.

23      1.   The Law

24          "Conversion is the wrongful exercise of dominion over the property of another.  The elements

25  of a conversion claim are: (1) the plaintiff's ownership or right to  possession of the property; (2) the

26  defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." (*Lee v.*

27  *Hanley* (2015) 61 Cal.4th 1225, 1240.)

28          "It is necessary to show an assumption of control or ownership over the property, or that the

1  alleged converter has applied the property to his own use." . . .' " (*Shopoff & Cavallo LLP v. Hyon*

2  (2008) 167 Cal.App.4th 1489, 1507.)

3  "To prove a cause of action for conversion, the plaintiff must show the defendant acted

4  intentionally to wrongfully dispose of the property of another." (*Duke v. Superior Court* (2017) 18

5  Cal.App.5th 490, 508.)

6  " 'To establish a conversion, plaintiff must establish an actual interference with his ownership

7  or right of possession. . . . Where plaintiff neither has title to the property alleged to have been

8  converted, nor possession thereof, he cannot maintain an action for conversion.' " (*Moore v. Regents of*

9  *the Univ. of Cal.* (1990) 51 Cal.3d 120, 136.)

10  "Where the conduct complained of does not amount to a substantial interference  with

11  possession or the right thereto, but consists of intermeddling with or use of or damages to the personal

12  property, the owner has a cause of action for  trespass or case, and may recover only the actual

13  damages suffered by reason of  the impairment of the property or the loss of its use. As [plaintiff] was

14  a  cotenant and had the right of possession of the realty, which included the right

15  to keep his personal property thereon, [defendant]'s act of placing the goods in  storage, although not

16  constituting the assertion of ownership and a substantial  interference with possession to the extent of a

17  conversion, amounted to an  intermeddling. Therefore, [plaintiff] is entitled to actual damages in an

18  amount  sufficient to compensate him for any impairment of the property or loss of its  use." (*Zaslow*

19  *v. Kroenert* (1946) 29 Cal.2d 541, 551–552. )

20  "[T]he law is well settled that there can be no conversion where an owner  either expressly or

21  impliedly assents to or ratifies the taking, use or disposition  of his property." (*Farrington v. A.*

22  *Teichert & Son, Inc.* (1943) 59 Cal.App.2d  468,  474.)

23  "In order to establish a conversion, the plaintiff 'must show an intention or  purpose to convert

24  the goods and to exercise ownership over them, or to  prevent the owner from taking possession of his

25  property.' Thus, a necessary  element of the tort is an intent to exercise ownership over property which

26  belongs to another. For this reason, conversion is considered an intentional  tort." (*Collin v. American*

27  *Empire Insurance Co.* (1994) 21 Cal.App.4th 787,  812.)

28  " 'Negligence in caring for the goods is not an act of dominion over them such as is necessary

1  to make the bailee liable as a converter.' Thus a warehouseman's negligence in causing a fire which

2  destroyed the plaintiffs' goods will not support a conversion claim." (*Gonzales v. Pers. Storage* (1997)

3  56 Cal.App.4th 464, 477.)

4      "Although damages for conversion are frequently the equivalent to the damages for negligence,

5  i.e., specific recovery of the property or damages based on the value of the property, negligence is no

6  part of an action for conversion." (*Taylor v. Forte Hotels Int'l* (1991) 235 Cal.App.3d 1119, 1123.)

7      2.    <u>The defects in Plaintiffs' allegations</u>

8          a.    **Plaintiff Anna**

9              ¶ 13 alleges that the product represented by Anna and Gabrielle was owned and

10  manufactured by Cavi. At the very least, the paragraph is uncertain because it does not allege that

11  Anna or Gabrielle have any ownership or right to a possessory interest in said product.

12              ¶ 37 alleges that Gabrielle entered into an oral and written agreement on behalf of Cavi.

13  Thus, Anna is not a party to any agreement oral or written and has no standing as to this cause of

14  action and cannot allege sufficient facts to constitute a cause of action. As a matter of law, Anna has no

15  standing to assert a conversion cause of action.

16          b.    **Plaintiff Gabrielle**

17              ¶ 13 alleges that the product represented by Anna and Gabrielle was owned and

18  manufactured by Cavi. At the very least, the paragraph is uncertain because it does not allege that

19  Anna or Gabrielle have any ownership interest or right to a possessory interest in said product.

20              ¶ 37 alleges that Gabrielle entered into an oral and written agreement on behalf of Cavi.

21  Thus, Gabrielle is not a party to any agreement oral or written and has no standing as to this cause of

22  action and cannot allege sufficient facts to constitute a cause of action.

23              As a matter of law, Gabrielle has no standing to assert a conversion cause of action.

24          c.    **Plaintiff Cavi**

25              Cavi does not establish the authority for Anna or Gabrielle. Further complicating this

26  Count is the fact that Plaintiffs have not attached the actual written agreement to determine the

27  obligations of the parties, so it is left to mixture of the alleged oral parts of the agreement (not

28  separated from the written) and the written parts of the agreement which would control over the oral as

9
DEMURRER TO COMPLAINT

1  a matter of law.

2      ¶ 28 alleges that only Anna was blocked from entering the suite while Gabrielle was

3  still inside with the Cavi product.

4      ¶ 51 alleges that Plaintiffs were required give away product in the suites.

5      ¶ 52 alleges that all product that was not given away (or presumably required to be

6  given away) was returned to Plaintiffs. The paragraph does not allege facts that Defendant caused any

7  damage to the product.

8  **D.   COUNT III FOR VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES**

9  **ACT SECTION 1750, ET SEQ. FAILS TO STATE SUFFICIENT FACTS AND IS**

10  **UNCERTAIN AS A MATTER OF LAW**

11      Plaintiffs allege violation of California's Consumer Legal Remedies Act Section 1750, et seq.

12  against Defendant. [Compl. ¶¶ 55-59].

13      *Code of Civ. Proc.* § 367 provides: "Every action must be prosecuted in the name of the real

14  party in interest, except as otherwise provided by statute." See *Gantman v. United Pac. Ins. Co.* (1991)

15  232 Cal.App.3d 1560, 1566; *Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.)* (2009)

16  180 Cal.App.4th 980, 991.

17  **1.   The Law**

18      *Civ. Code* § 1761(d) defines "Consumer" as "an individual who seeks or acquires, by purchase

19  or lease, any goods or services for personal, family, or household purposes."

20  **2.   The defects in Plaintiffs' allegations**

21      ¶ 13 admits that this is a business venture for a business product. This is not a consumer

22  transaction as a matter of statutory definition and the Plaintiffs cannot amend to conform to the statute

23  by their own admissions in the pleadings. As such this cause of action as to all Plaintiffs should be

24  sustained without leave to amend.

25  **E.   COUNT IV FOR ASSAULT FAILS TO STATE SUFFICIENT FACTS AND IS**

26  **UNCERTAIN AS A MATTER OF LAW**

27      **1.   The Law** Plaintiffs allege violation of California's Consumer Legal Remedies

28  Act Section 1750, et seq. against Defendant. [Compl. ¶¶ 55-59].

1        *Code of Civ. Proc.* § 367 provides: "Every action must be prosecuted in the name of the real

2   party in interest, except as otherwise provided by statute." See *Gantman v. United Pac. Ins. Co.* (1991)

3   232 Cal.App.3d 1560, 1566; *Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.)* (2009)

4   180 Cal.App.4th 980, 991.

5        "The essential elements of a cause of action for assault are: (1) defendant acted with intent to

6   cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner;

7   (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it

8   reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not

9   consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial

10  factor in causing plaintiff's harm." (*So v. Shin* (2013) 212 Cal.App.4th 652, 668–669.)

11       " 'Generally speaking, an assault is a demonstration of an unlawful intent by one person to

12  inflict immediate injury on the person of another then present.' " (*Plotnik v. Meihaus* (2012) 208 Cal.

13  App. 4th 1590, 1603–1604.)

14       "A civil action for assault is based upon an invasion of the right of a person to live without

15  being put in fear of personal harm." (*Lowry v. Standard Oil Co. of California* (1944) 63 Cal.App.2d 1,

16  6–7.)

17       "Furthermore, . . . 'while apprehension of that contact is the basis of assault [citation,] [m]ere

18  words, however threatening, will not amount to an assault. [Citations.]' " (*Plotnik, supra*, 208

19  Cal.App.4th at p. 1604.)

20       Restatement Second of Torts, section 21 provides: (1) An actor is subject to liability to another

21  for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other

22  or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in

23  such imminent apprehension. (2) An action which is not done with the intention stated in Subsection

24  (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act

25  involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk

26  threatened bodily harm.

27

28

1    **2.** **The defects in Plaintiffs' allegations**

2        **a.** **Plaintiff Anna**

3        There are no allegations that Nathalie acted with intent, that Anna was in fear of a

4    harmful touching, and that there were any damages as a result of Nathalie blocking Anna from entering

5    the suite. Anna attempts to reinforce her lack of sufficient facts by allegations of controversial

6    statements by Nathalie which are defective as a matter of law and are discussed in Defendant

7    concurrent Motion to Strike.

8        **b.** **Plaintiff Gabrielle**

9        There are no allegations of that Defendant as a matter of law did anything to Gabrielle

10   that constitutes an assault.

11       **c.** **Plaintiff Cavi**

12       There are no allegations of that Defendant as a matter of law did anything to Cavi that

13   constitutes an assault. Defendant asserts as a matter of law the Court should sustain without leave since

14   it is legally impossible to assault Cavi.

15   **F.** **COUNT IV FOR FRAUD AND DECEIT FAILS TO STATE SUFFICIENT FACTS AND**

16   **IS UNCERTAIN AS A MATTER OF LAW**

17       Plaintiffs allege Fraud and Deceit against Defendants. [Compl. ¶¶ 67-73].

18       *Code of Civ. Proc.* § 367 provides: "Every action must be prosecuted in the name of the real

19   party in interest, except as otherwise provided by statute." See *Gantman v. United Pac. Ins. Co.* (1991)

20   232 Cal.App.3d 1560, 1566; *Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.)* (2009)

21   180 Cal.App.4th 980, 991.

22       **1.** **The Law**

23       "The elements of fraud that will give rise to a tort action for deceit are: " '(a) misrepresentation

24   (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent

25   to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' " (*Engalla v.*

26   *Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974.)

27       "A complaint for fraud must allege the following elements: (1) a knowingly false

28   representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by

12
DEMURRER TO COMPLAINT

1 │ the plaintiff; and (4) resulting damages." (*Service by Medallion, Inc. v. Clorox Co.* (1996) 44

2 │ Cal.App.4th 1807, 1816).

3 │      "Puffing," or sales talk, is generally considered opinion, unless it involves a

4 │ representation of product safety. (*Hauter v. Zogarts* (1975) 14 Cal.3d 104, 112.)

5 │      "Fraud is an intentional tort; it is the element of fraudulent intent, or intent to deceive, that

6 │ distinguishes it from actionable negligent misrepresentation and from nonactionable innocent

7 │ misrepresentation. It is the element of intent which makes fraud actionable, irrespective of any

8 │ contractual or fiduciary duty one party might owe to the other." (*City of Atascadero v. Merrill Lynch,*

9 │ *Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 482.)

10 │      "A promise of future conduct is actionable as fraud only if made without a present intent to

11 │ perform. 'A declaration of intention, although in the nature of a promise, made in good faith, without

12 │ intention to deceive, and in the honest expectation that it will be fulfilled, even though it is not carried

13 │ out, does not constitute a fraud.' Moreover, ' "something more than nonperformance is required to

14 │ prove the defendant's intent not to perform his promise." . . . [I]f plaintiff adduces no further evidence

15 │ of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury.' "

16 │ (*Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 481.)

17 │      The facts constituting fraud must be specifically pleaded so that the court can determine from

18 │ the complaint whether a prima facie case is alleged. *Cooper v. Leslie Salt Co.* (1969) 70 Cal. 2d 627,

19 │ 636; *Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App 4th 772, 782–783 (conclusory

20 │ allegation that defendants made false representations without indicating specifically what was said by

21 │ whom or in what manner, lacked the requisite specificity for pleading fraud). General allegations are

22 │ insufficient. *Morton v. Loveman* (1968) 267 Cal.App.2d 712, 720. Every element of the cause of action

23 │ for fraud must be alleged in the proper manner, factually and specifically. *Lesperance v. North Am.*

24 │ *Aviation, Inc.* (1963) 217 Cal.App.2d 336, 344.

25 │     2.     **The defects in Plaintiffs' allegations**

26 │         a.     **Plaintiff Anna**

27 │      This is a commercial transaction. The only party that has standing as a matter of law is

28 │ Cavi. Plaintiffs' admit in ¶ 37 of the Complaint that Gabrielle negotiated the agreement and not Anna,

1 | so only Gabrielle according to Plaintiffs' allegations was involved in any representations by
2 | Defendant.

    **b.**    **Plaintiff Gabrielle**

This is a commercial transaction. The only party that has standing as a matter of law is Cavi. Plaintiffs' admit in ¶ 37 of the Complaint that Gabrielle acted as an agent for Cavi to negotiate the terms and conditions of the agreement. Thus, as a function of the elements of fraud and deceit, Defendant could only induce Cavi through its agents to participate and be damaged, if any.

    **c.**    **Plaintiff Cavi**

The allegations of the Complaint lack any specificity as to intent, justifiable reliance and material misrepresentations. Plaintiffs' factual allegations are all conclusory and do not meet the strict level of pleading required for this Count.

**IV.**   **REQUEST FOR JUDICIAL NOTICE**

Defendant requests that the Court take judicial notice under *Evid. Code* § 452(d) of the Plaintiffs' Complaint filed in this action on October 28, 2019.

**V.**   **CONCLUSION**

For the above stated reasons, Defendant's Demurrer in whole or in part should be sustained without leave to amend.

Dated: December 6, 2019

_____
Nathalie Dubois
Defendant In pro per

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3428 Maxella Ave. Suite 274 Marina Del Rey, CA 90292

On December 6, 2019, I served true copies of the foregoing document(s) described as: **NOTICE OF DEMURRER AND DEMURRER, MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE** on the interested parties in this action by placing a true and correct copy of the document thereof enclosed in sealed envelopes addressed as follows:

AMANPREET KAUR
MAZJNA LAW
10866 Wilshire Blvd., 4th Floor
    Angeles CA 90024
*Attorneys for Plaintiffs*

BYMAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of December 2019 at Marina del Rey, CA.

Aboubacar Sissoko

EXHIBIT C

1  Nathalie Dubois
2  3428 Maxella Ave. Suite 274
   Marina Del Rey, CA 90292
3  Tel. 310-482-9111

4  Plaintiff In Pro Per

5

6                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7            **COUNTY OF LOS ANGELES, SANTA MONICA COURTHOUSE**

8                          **UNLIMITED JURISDICTION**

9

10
                                          Case No.: 19SMCV01898
11  CAVI PUR LLC, ANNA SHOYKHET,
    GABRIELLE SHOYKHET,                    Assigned to Judge Craig D. Karlan
12                                         Department N
               Plaintiffs,
13                                         DEFENDANT NATHALIE DUBOIS'S NOTICE
    vs.                                    OF MOTION AND MOTION TO STRIKE
14                                         PORTIONS OF PLAINTIFFS' COMPLAINT;
    NATHALIE DUBOIS, DUBOIS PELIN          MEMORANDUM OF POINTS AND
15  ASSOCIATES GROUP, and DOES 1 through 10, AUTHORITIES; REQUEST FOR JUDICIAL
16                                         NOTICE
               Defendants.
17

18                                         Date:  October 20, 2020
                                           Time:  8:30 a.m.
19                                         Dept:  N

20                                         Complaint filed: October 28, 2019

21                                         **[Reservation ID 940599952076]**

22  **TO THE CORUT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23          PLEASE TAKE NOTICE that on October 20, 2020, at 8:30 a.m. in Department N of the

24  above-entitled Court, located at 1725 Main Street, Santa Monica, CA 90401, Defendant NATHALIE

25  DUBOIS ("Nathalie" or "Defendant") moves to strike the following specific portions of the Complaint

26  filed by Plaintiffs Cavi Pur LLC ("Cavi"), Anna Shykhet ("Anna") and Gabrielle Shoykhet's

27  ("Gabrielle").

28

                                          1
                                   **MOTION TO STRIKE**

045

1       This Motion to Strike is made pursuant to California Code of Civil Procedure sections 435,

2  436 and 437 on the grounds that the Complaint includes numerous irrelevant, false and improper

3  allegations which should be stricken pursuant to California Code of Civil Procedure section 436(a)

4  inasmuch as those allegations have nothing to do with either of the causes of action alleged in

5  Plaintiffs' Complaint. The false, irrelevant and improper allegations were inserted for the sole

6  purpose of harassing, embarrassing and humiliating Defendant in an effort to shame her into an

7  unmerited settlement and should be stricken in their entirety. The specific portions of the

8  Complaint that Defendant requests be stricken because they are irrelevant and improper are as

9  follows:

10       • ¶ 20, page 3, lines 9-13 in its entirety.

11       • ¶ 25, page 4, lines 6-10 in its entirety.

12       • ¶ 26, page 4, lines 11-13 in its entirety.

13       • ¶ 29, page 4, lines 17-18 in its entirety.

14       • ¶ 30, page 4, line 19 in its entirety.

15       • ¶ 31, page 4, lines 20-22 in its entirety.

16       • ¶ 33, page 5, lines 1-3 in its entirety.

17       • ¶ 34, page 5, lines 4-6 in its entirety.

18       • Count III in its entirety, ¶¶ 55-59, pages 7, line 7 to page 8 line 1.

19       • ¶ 61, page 8 lines 7-8, "as Defendant was in the middle of her racial tirade, describing Anna as a

20              "disgusting Jew,"

21       • ¶ 73, page 9, lines 13-15 in its entirety.

22       • Prayer, ¶ B, page 9 lines 22-23, "For exemplary, treble, and punitive damages in an amount to

23              be determined by the court,"

24       • Prayer, ¶ B, page 9 line 23, but in no event less than One Million Dollars ($1,000,000).

25       This Motion is based on this Notice, the Motion to Strike, the attached Memorandum of Points and

26  Authorities filed herewith, Defendant's concurrently filed Demurrer, all other pleadings and papers on file in

27  this action, and such documents, oral evidence or argument as may be presented before or at the time of the

28  hearing on this matter.

2
MOTION TO STRIKE

Dated: November 29, 2019

_____

Nathalie Dubois
Defendant In pro per

MOTION TO STRIKE

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department N

**19SMCV01898**
**ANNE SHOYKHET, et al. vs NATHALIE DUBOIS, et al.**

April 2, 2020
2:05 PM

Judge: Honorable Craig D. Karlan
Judicial Assistant: D. Salisbury
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Court Closures;

Based on current conditions, including, but not limited to, the spread of COVID-19, the need for social distancing, and a state of emergency having been declared by Governor Newsom, the court finds good cause to advance and vacate the Order to Show Cause hearing in this matter and reset it as follows:

On the Court's own motion, the Case Management Conference scheduled for 04/27/2020 is advanced to this date and continued to 10/20/2020 at 08:30 AM in Department N at Santa Monica Courthouse.

Clerk to give notice.

Certificate of Mailing is attached.

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

**19SMCV01898**
**ANNE SHOYKHET, et al. vs NATHALIE DUBOIS, et al.**

April 16, 2020
1:31 PM

Judge: Honorable Craig D. Karlan
Judicial Assistant: D. Salisbury
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

Based on current conditions, including, but not limited to, the spread of COVID-19, the need for social distancing, and a state of emergency having been declared by Governor Newsom and President Trump, the court finds good cause to advance and vacate the Order to Show Cause hearing in this matter and reset it as follows:

On the Court's own motion, the Hearing on Demurrer - with Motion to Strike (CCP 430.10) scheduled for 10/20/2020, and Case Management Conference scheduled for 10/20/2020 are advanced to this date and continued to 06/26/2020 at 10:00 AM in Department N at Santa Monica Courthouse.

The Court encourages the parties to reach a stipulation regarding the filing of opposition and reply papers in advance of the statutory deadlines set forth in Code of Civil Procedure section 1005, subdivision (b). Early receipt of opposition and reply briefs will allow the Court additional time to consider pending motions, as the Court will be faced with a greater number of motions than normal upon the Court's reopening. The Court takes care to emphasize that while an adjusted briefing schedule is encouraged, it is by no means mandatory, and no party or attorney will find themselves at a disadvantage for declining to enter into a stipulated briefing schedule during this period, as the Court is cognizant that some attorneys/parties may not be in a position to do so at this time."

Clerk to give notice to Plaintiff who shall give notice to all other relevant counsel.

Certificate of Mailing is attached.

Minute Order

Page 1 of 1

EXHIBIT F

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NATALLIA MAZINA (SBN 271824)<br>MAZINA LAW<br>100 Pine St. #1250<br>San Francisco, CA 94111 | |

TELEPHONE NO.: 415-802-4057      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional)*: nmazina@pharmhealthlaw.com
ATTORNEY FOR *(Name):* CAVI PUR LLC, ANNA SHOYKHET et al

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: Santa Monica Courthouse
MAILING ADDRESS: 1725 Main Street Santa Monica, CA 90401
CITY AND ZIP CODE:
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF/PETITIONER: CAVI PUR LLC, ANNA SHOYKHET et al
DEFENDANT/RESPONDENT: Nathalie Dubois et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 19SMCV01898 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 04/27/2020      Time: 8:30      Dept.: N      Div.:      Room:

Address of court *(if different from the address above):*

☒ Notice of Intent to Appear by Telephone, by *(name):* Natallia Mazina

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* CAVI PUR LLC, ANNA AND GABRIELLE SHOYKHET
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 10/28/2019
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action):*
      This is a civil action for breach of contract, conversion, breach of contract, assault, and unfair business practices under California's Consumers Legal Remedies Act ("CLRA") and fraud arising out of Defendants' treatment of Plaintiffs in connection to Defendants' two "gifting suite" sponsorship events.

Page 1 of 5

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: CAVI PUR LLC, ANNA SHOYKHET et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nathalie Dubois et al. | 19SMCV01898 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate nature and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs Anna and Gabrielle were physically threatened and verbally insulted in public by Defendants and on behalf of Defendants. Defendants further failed to deliver on many of the obligations included in their agreement with Plaintiffs, including fraudulently inducing Plaintiffs into the agreement as a condition of taking part in the second "gifting suite."

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   a. The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

   a. ☐ The trial has been set for *(date):*

   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* 11/22/2020; 12/23/2020 - 1/15/2021

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one):*

   a. ☒ days *(specify number):* 3

   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

   a. Attorney:

   b. Firm:

   c. Address:

   d. Telephone number:          f. Fax number:

   e. E-mail address:            g. Party represented:

   ☐ Additional representation is described in Attachment 8.

9. **Preference**

   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b. **Referral to judicial arbitration or civil action mediation** (if available).

      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   CAVI PUR LLC, ANNA SHOYKHET et al<br>DEFENDANT/RESPONDENT:   Nathalie Dubois et al. | CASE NUMBER:<br>19SMCV01898 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for  *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [x] | [x] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for  *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for  *(date):*<br>[ ] Agreed to complete judicial arbitration by  *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [x] | [x] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for  *(date):*<br>[ ] Agreed to complete private arbitration by  *(date):*<br>[ ] Private arbitration completed on  *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

055

**CM-110**

| PLAINTIFF/PETITIONER:   CAVI PUR LLC, ANNA SHOYKHET et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Nathalie Dubois et al. | 19SMCV01898 |

**11. Insurance**

　　a. ☐  Insurance carrier, if any, for party filing this statement *(name):*

　　b.  Reservation of rights: ☐ Yes ☐ No

　　c. ☐  Coverage issues will significantly affect resolution of this case  *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy  ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

　　a. ☐  There are companion, underlying, or related cases.

　　　　(1) Name of case:

　　　　(2) Name of court:

　　　　(3) Case number:

　　　　(4) Status:

　　　　☐  Additional cases are described in Attachment 13a.

　　b. ☐  A motion to ☐ consolidate ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**

☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒  The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

A demurrer hearing is pending.

**16. Discovery**

　　a. ☐  The party or parties have completed all discovery.

　　b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written discovery | 09/08/2020 |
| Platintiffs | Depositions | 10/01/2020 |

　　c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:  CAVI PUR LLC, ANNA SHOYKHET et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Nathalie Dubois et al. | 19SMCV01898 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

Counsel for plaintiffs were not able to reach the defendant in timely manner.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*  _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 4/16/2020

Natallia Mazina
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 5 of 5

Electronically FILED by Superior Court of California, County of Los Angeles on 04/17/2020 10:21 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

## PROOF OF SERVICE

Re:   *CaviPur LLC v. Dubois., Case No. 19SMCV01898*

I, Jorge Bueso, declare:

I am over the age of 18 years and not a party to the within cause.  My business address is 100 Pine street, Suite 1250, San Francisco, CA 94111.  On April 17, 2020, I served the following documents(s) by the method indicated below:

### PLAINTIFFS' CASE MANAGEMENT STATEMENT

[] (By Mail)  By causing each such envelope to be served by depositing same, with postage thereon fully prepared, with the United States Postal Service in the ordinary course of business at San Francisco, California.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United State Postal Service.

[X]  (By Electronic Mail)  By causing each such document to be delivered by electronic service to individual emails set forth below, as agreed by the parties.

[] By Facsimile Transmission)  By causing each such document to be served by facsimile transmission to the fax number(s) set forth below.

NATHALIE DUBOIS                     Email:  nathab@me.com
Pro per defendant                        nathalied@dpagroup.org

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 17, 2020 at Fairfax, CA.

Jorge Bueso

EXHIBIT G

NATALLIA MAZINA (SBN 271824)
AMANPREET KAUR (SBN 271782)
MAZINA LAW
10866 Wilshire Blvd., 4th Floor
Los Angeles, CA 90024
Tel.: (818) 945-9005
Fax: (415) 358-8839

Attorneys for Plaintiff
CAVI PUR LLC, ANNA SHOYKHET,
GABRIELLE SHOYKHET

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, NORTH VALLEY DISTRICT

| | |
|---|---|
| CAVI PUR LLC, ANNA SHOYKHET, GABRIELLE SHOYKHET,<br><br>                       Plaintiffs,<br><br>vs.<br><br>NATHALIE DUBOIS, DUBOIS PELIN ASSOCIATES GROUP, and DOES 1 through 10,<br><br>                       Defendants. | Case No.: **19-SMCV-01898**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) **Breach of Contract**<br>2) **Conversion**<br>3) **Unfair Business Practices**<br>4) **Assault**<br>5) **Fraud and Deceit**<br>6) **Intentional and Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: October 31, 2019<br>Trial Date: None set |

Plaintiffs Anna Shoykhet ("Anna"), Gabrielle Shoykhet ("Gabrielle") and Cavi Pur LLC ("Cavi Pur") (collectively "Plaintiffs"), by and through their attorneys, based on their own experience and investigation and the independent investigation of counsel and information and belief, allege against Defendants Nathalie Dubois ("Nathalie") and Dubois Pelin Associates Group ("DPA Group") (collectively "Defendants") as follows:

## **NATURE OF ACTION**

This is a civil action for breach of contract, conversion, assault, unfair business practices under Business and Professions Code Section 17200 et seq., fraud, and negligent/intentional infliction of emotional distress arising out of Defendants' treatment of Plaintiffs in connection to Defendants' two "gifting suite" sponsorship events. During the first suite – at the Cannes Film Festival – Plaintiffs Anna and Gabrielle were physically threatened and verbally insulted in public by Defendants and on behalf of Defendants. Defendants further failed to deliver on many of the obligations included in their agreement with Plaintiffs for the first suite, including fraudulently inducing Plaintiffs into the agreement as a condition of taking part in the second "gifting suite" during the ESPY Awards. Defendants knew Plaintiffs' interest was limited to the second gifting suite at the ESPY Awards and conditioned their participation in the ESPY Awards Suite on their participation in the Cannes Film Festival Suite, forcing Plaintiffs to pay for both suites all at once and far in advance.  Defendants never intended to deliver the second gifting suite.

## **THE PARTIES**

1.      Plaintiff Anna is a citizen and resident of Brooklyn, New York.

2.      Plaintiff Gabrielle is a citizen and resident of Brooklyn, New York.

3.      Plaintiff Cavi Pur LLC is a limited liability company registered to do business in Florida. Plaintiffs Anna and Gabrielle hold 100% membership interest in Cavi Pur LLC and act as its officers.

4.      Upon information and belief, Defendant Nathalie is an individual residing in Marina Del Rey, California.  Shortly before the commencement of the acts alleged herein, Plaintiff was instructed to reach Defendant Nathalie at an address in Marina Del Rey.

5.      Upon information and belief, Defendant DPA Group is an unregistered entity doing business in California and abroad.

6.     The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, either individual, corporate, limited liability company or partnership, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue said defendants by such fictitious names and will seek leave of court to amend this complaint in order to show the true names and capacities of said defendants when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE are responsible in some manner for the events and happenings herein referred to and which proximately caused the damages as hereinafter alleged.

## JURISDICTION AND VENUE

7.     Jurisdiction over Defendants is proper under California Code of Civil Procedure Sec. 410.10.

8.     The harms and obligations alleged herein were incurred and occurred in Los Angeles County.

9.     Jurisdiction is premised upon the fact that the damages suffered by Plaintiffs are in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

10.     This Court has general jurisdiction over Nathalie because she lives and/or conducts business in California by contracting to supply services here, and has thus purposefully availed herself of the jurisdiction of this Court.

11.     This Court has general jurisdiction over DPA Group because it conducts business in California by contracting to supply services here, and has purposefully availed itself of the jurisdiction of this Court.

12.     Venue and jurisdiction are further proper in this county as Defendants asked Plaintiffs to deliver the products at issue in this case to an address in Marina Del Rey.

## FACTUAL BACKGROUND

13.     Plaintiffs Anna and Gabrielle are a mother and daughter team behind the Cavi Pur venture, a small business creating nutrient rich supplements.

---

FIRST AMENDED COMPLAINT FOR DAMAGES

2

14.     Upon information and belief, Defendant Nathalie is the founder and executive of DPA Group.

15.     Upon information and belief, DPA Group's exclusive business is to sell brand representatives access to "gifting suites" where the representatives can expect to meet well-known A-list celebrities that may be seen promoting their products.

16.     Upon information and belief, these gifting suites are associated with awards ceremonies around which celebrities congregate.

17.     In late April, 2019 Plaintiffs purchased the "platinum package" from Defendants which entitled them access to two gifting suites for a total cost of $12,000.  $4,000 for the gifting suite associated with the ESPY Award ceremony, and $8,000 for the suite associated with the Cannes Film Festival.

18.     The Cannes Film Festival gifting suite ("Cannes Suite") was to be held at the Intercontinental Carlton Hotel in Cannes, France from May 15 to 23, 2019.

19.     The Excellence in Sports Performance Yearly Award gifting suite ("ESPY Suite") was to be held at the Luxe Hotel in Los Angeles from July 15 to 16, 2019.

20.     Plaintiffs communicated their interest in participating in only the ESPY Suite due to the nature of Cavi Pur's supplement, which focuses on increasing endurance and fast recovery after physical activities. In order to participate in the ESPY Suite, Defendants required Plaintiffs to purchase both the Cannes and ESPY Suites as a bundle. Not being offered a choice in the matter, Plaintiffs purchased both gifting suites.

21.     As part of the platinum package, Defendants agreed to deliver, among other things, the following:

a.  Access to A-list celebrities to whom Plaintiffs would be allowed to present Cavi Pur branded products during each gifting suite;

b.  Professional PR staff members who would be responsible for escorting celebrities to Cavi Pur's table during each gifting suite;

c.  Professional photographers to capture Plaintiffs' table, products, and impressions with celebrities at each gifting suite.  Those professional

1                 photographs would then be transferred to Plaintiffs in the form of CDs or

2                 web links within a day after the end of each gifting suite;

3          d.   Mentions of Cavi Pur in Defendants' pre and post press releases and in its

4                 various social media.

5      22.    In preparation for the Cannes Suite, Plaintiffs purchased airline tickets, hotel

6  accommodations, proper attire and transportation; printed and prepared marketing materials; and

7  pulled 375 bottles of their product from inventory to give away at the suite.

8      23.    During the Cannes Suite, Defendants failed to provide A-list celebrities,

9  professional staff, or professional photographs.

10     24.    With the exception of two, the multi-day Cannes Suite offered "celebrities" that

11  were, at best, actors who had small roles in television episodes and, at worst, Nathalie's friends

12  and associates all of whom expected free samples from Plaintiffs.

13     25.    Making things worse, on May 21, 2019 (in the middle of the multi-day Cannes

14  Suite), Nathalie became enraged toward Anna for no apparent reason except Nathalie disliked

15  the fact that Anna was sharing a bottle of wine with Nathalie's associate or client, Jesse Hino,

16  outside of the gifting suite toward the end of the day in order to celebrate Jesse associate's

17  birthday.

18     26.    As recorded in a police report of the incident, Nathalie was recorded describing

19  Anna using highly offensive racial terms, including "disgusting Jew" and "disrespectful Jewish

20  drunk."

21     27.    Nathalie physically pushed Anna back as Anna tried to enter into the suite where

22  Gabrielle was attending to the Cavi Pur table.

23     28.    Nathalie blocked Anna from entering the suite.

24     29.    Eventually, Nathalie called the hotel security, which removed Gabrielle and Anna

25  from the suite and the hotel premises.

26     30.    Plaintiffs did not violate any hotel or DPA Group rules, yet Nathalie had Plaintiffs

27  removed from the venue altogether by hotel security.

28     31.    As is apparent from the police report, no one was drunk or drinking irresponsibly.

32.     Anna was distraught by the incident and was taken to the hospital. The hospital report showed that Anna had no detectable level of alcohol in her blood and that she had an elevated heart rate and blood pressure suggesting a cardiac event.

33.     Defendants seized Plaintiffs' remaining products (approx. 180 bottles of the supplement) from the Cannes Suite, which were later returned but some products were damaged and therefore became unsellable.  Defendants failed to include Plaintiffs in any further press releases.

34.     Despite this treatment, Plaintiffs intended to continue with the ESPY Suite, which was more important to Plaintiffs due to the nature of their product. However, Defendants never responded to Plaintiffs' repeated inquiries about the ESPY Suite.

35.     Plaintiffs later learned that Defendants never intended to participate in the ESPY Suite as it was not listed on the Defendants' website. In fact, Defendants initially provided Plaintiffs with the wrong dates for the ESPY Suite.

36.     Defendants retained the $4,000 for the EPSY Suite and failed to issue a refund as requested by Plaintiffs.

## COUNT I:  BREACH OF CONTRACT

### *(As Against All Defendants)*

37.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 as if fully set forth herein.

38.     On or around April 22, 2019, Plaintiff Gabrielle entered into an agreement (oral and written) on behalf of Plaintiff Cavi Pur with Defendants, providing that Defendants would, among other things, provide Plaintiffs access to the Cannes Suite and the EPSY Suite for their full duration, and that the Suites would include A-list celebrities and professional staff.

39.     The written agreement consisted of two invoices: (1) Invoice #DPACannes-17561, and (2) Invoice #DPApreEspys. Both invoices described the services to be provided by Defendants (attached to the complaint as Exhibit 1).

40.     Plaintiffs delivered $8,000 on April 22, 2019 and $4,000 on May 2, 2019 for a total of the agreed upon sum of $12,000 for the package.

41.     Plaintiffs delivered the required two samples of their product to Defendants.

42.     Plaintiffs performed all of the conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of their agreement with Defendants.

43.     Defendants failed and/or refused to perform their obligations in full accordance with the agreement.

44.     Defendants failed in their obligation to provide A-list celebrities at the Cannes Suite.

45.     Defendants failed in their obligation to provide Plaintiffs access to the Cannes Suite in its final days.

46.     Defendants failed in their obligation to furnish *professional* quality photographs from the Cannes Suite.  Plaintiffs were forced to employ professional services to edit the poor quality photographs.

47.     Defendants' failed in their obligation to include Plaintiffs in their social media or post event press releases.

48.     Finally, Defendants failed in their obligation to provide Plaintiffs access to the EPSY Suite altogether.

49.     As a direct and proximate result of Defendants' material breaches of their agreement, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **COUNT II:  CONVERSION**

### *(As Against All Defendants)*

50.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

---

51.     On May 21, after Defendant Nathalie banned Plaintiffs from re-entering the Cannes Suite, Defendant wrongfully exercised control over all of Plaintiffs' remaining Cavi Pur branded product.

52.     Plaintiffs brought 375 bottles of their supplements to the Cannes Suite to distribute to the A-list celebrities, who were promised to attend.

53.     Upon information and belief, Plaintiffs were required to give away many of the bottles to people who were simply Defendants' acquaintances.

54.     Further, after Defendants disallowed Plaintiffs Anna and Gabrielle from re-entering the Cannes Suite, Defendants took possession of the remaining Cavi Pur products, totalling approximately 180 bottles of Cavi Pur's supplements. Later, the product was returned to Plaintiffs but many bottles were damaged and were thus rendered unsellable.

55.     Plaintiffs did not consent to either giving away their products to non-celebrities or to Defendants.

56.     Plaintiffs have been harmed and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **COUNT III:  UNFAIR BUSINESS PRACTICES**

### *(As Against Defendant DPA Group and Nathalie Dubois )*

57.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 56 as if fully set forth herein.

58.     Defendant DPA Group's above described acts – including but not limited to representing its gifting suites as having A-list celebrities and professional photographers/staff, misrepresenting the nature of the ESPY suit – were and are unfair, unlawful, and fraudulent acts and practices in violation of the California Business and Professions Code Section 17200, *et seq.*

59.     Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice

1    and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

2    (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions

3    Code."

4          60.    Defendants engaged in "unfair" business practices because their conduct was

5    unethical, oppressive, and substantially damaging to Plaintiffs. Specifically, and without

6    limitation, the particular offensive conduct includes: precluding Plaintiffs from participating in

7    both "gifting suits," physically evicting Plaintiffs from the Cannes Suit, disparagement of Jewish

8    ancestry among peers and in public, not affording Plaintiffs the benefit of the bargain, breaching

9    contractual promises and representations.

10          61.    Defendants engaged in "fraudulent" business practice because members of the

11    public are likely to be deceived as a result of the conduct alleged herein. Specifically, and

12    without limitation, the particular conduct includes: intentionally misrepresenting that the ESPY

13    Suite would take place and Plaintiffs would be allowed to participate, intentionally

14    misrepresenting the services to be provided to Plaintiffs during the Cannes Suite.

15          62.    As a direct and proximate result of Defendants wrongful acts, Plaintiffs suffered

16    harm and losses as described herein and in amounts to be proven at trial. Plaintiffs therefore seek

17    (1) restitution and punitive damages as provided in California Civil Code Section 3294, and (2)

18    attorney's fees as allowed by California Code of Civil Procedure Section 1021.5.

19          WHEREFORE, Plaintiffs pray for relief as set forth below.

20                                  **COUNT IV:  ASSAULT**

21                          ***(As Against Defendant Nathalie Dubois)***

22

23          63.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

24    through 62 as if fully set forth herein.

25          64.    On May 21, 2019, as Defendant was in the middle of her racial tirade, describing

26    Anna as a "disgusting Jew," she physically blocked her from entering the door to the Cannes

27    Suite.

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES

8

65.     Defendant acted, intending to cause harmful and offensive contact by physically pushing Plaintiff Anna to stop her from entering the Cannes Suite while shouting verbal insults at her.

66.     Anna reasonably believed that she was about to be touched in a harmful and offensive manner as Defendant approached her to block her from entering the Cannes Suite.

67.     Anna did not consent to Defendant physically blocking her in the manner she did while verbally insulting her.

68.     Anna was harmed by Defendant's conduct and was taken to the hospital immediately following the incident.

69.     Defendant's conduct was a substantial factor in causing Plaintiff's harm that lead to her hospital visit.

WHERFORE, Plaintiffs pray for relief as set forth below.

## COUNT V:  FRAUD AND DECEIT

### *(As Against All Defendants)*

70.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 69 as if fully set forth herein.

71.     In order for Plaintiffs to participated in the ESPY Suite, Defendants – namely Nathalie Dubois – required that Plaintiffs pay for both the Cannes Suite and the ESPY Suite at the same time, and purchase them as a bundle.

72.     Defendants never intended to deliver the ESPY Suite.

73.     When Defendants required Plaintiffs to purchase both suites at the same time, Defendants knew that they would not be able to deliver the ESPY Suite because no such event was scheduled for July 15-16, 2019.

74.     When Defendants required Plaintiffs to purchase both the Cannes Suite and ESPY Suite as a bundle, Plaintiffs did not have any reasons to know – and did not know – that Defendants would fail to deliver the ESPY Suite. Therefore, Defendants made a promise that was important to the transaction and which induced Plaintiffs to enter into the contract with Defendants, when Defendants never intended to perform on such promise.

75.     As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs have been damaged by relying on Defendants' promise to deliver ESPY Suite, which was important to Plaintiffs' business.

76.     In addition, Defendants made various promises in connection with the Cannes Suite as described in Paragraph 21. Defendants intentionally failed to deliver on these promises, which constitutes fraudulent misrepresentation.

77.     As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiffs have been damaged by relying on Defendants' promise to deliver necessary services in relation to the Cannes suit.

78.     In engaging in the conduct alleged herein, Defendants acted with oppression, fraud, and malice. As a result, Plaintiffs are entitled to exemplary damages.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## COUNT VI:  INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### *(As Against Defendant Nathalie Dubois)*

79.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 78 as if fully set forth herein.

80.     During the Cannes Suite, Defendant Nathalie became enraged toward Anna calling her "disgusting Jew" and other derogatory names. Nathalie physically pushed Anna and blocked her from entering the suite. Eventually, Nathalie called hotel security to evict Plaintiffs from the suite. The confrontation was witnesses by many participants of the Cannes Film Festival, making it extremely embarrassing to Anna and Gabrielle. The argument was escalated to such a degree that Plaintiff Anna had to be admitted to a local hospital, where it was documented that Anna experienced a cardiac event as a direct result of the stressful incident.

81.     Defendant knew, or should have known, that evicting Plaintiffs from the suite and berating them in public using racial slurs would cause Plaintiffs Anna and Gabrielle severe emotional distress.

82.    As a proximate result of Defendant's acts, Plaintiffs were publicly humiliated to a degree that Anna had to be taken to a hospital, and Gabrielle watched her mother in physical pain from what looked very much like a heart attack. Plaintiffs Anna and Gabrielle suffered severe emotional distress and mental suffering due to the Defendant's conduct.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    For general, special, consequential and incidental damages in such sums as may be sustained by proof and ascertained before judgment herein, but of not less than $100,000, according to proof;

B.    For exemplary, treble, and punitive damages in an amount to be determined by the court;

C.    For pre-judgment interest on such monetary relief;

D.    For restitution and treble damages under Civil Code 3345 (Count III)

E.    For attorney's fees pursuant to Code of Civil Procedure 1021.5 (Count III)

F.    For cost of bringing this suit, including reasonable attorneys' fees; and

G.    For such other and further relief as the Court may deem just and proper.

DATED: May 29, 2020

MAZINA LAW

NATALLIA MAZINA
AMANPREET KAUR
Attorneys for Plaintiffs
ANNA SHOYKHET, GABRIELLE SHOYKHET
CAVI PUR LLC

# EXHIBIT 1



## Invoice #DPApreEspys*/ CAVIPUR

**Company participating "sponsor":**
Cavipur

**Date:**  July15th and 16th, 2019

**Location:** LUXE HOTEL ON SUNSET

**Services provided by DPA:**

PR of Cavipur during the DPA pre ESPYs gift suite, press and celebrities product placement.

- Entitles Sponsor to have 2  **representatives** interacted one-on-one with celebrity guests
- You will have access to speak live on national  or international TV, if TV is confirmed
- Your company will be mentioned in the pre and post press.
- Your products featured in the retreat: your representative will personally introduce product lines, receive feedback and allow each celebrity to select their items.
- Professional photos with products in hands of celebrities.
- Space to do reading and expose your products
- Will work in coordination with your PR department.
  In-house PR's staff to manage press, key media and escort celebrities
- Product mentioned in the press release and invitation/program given to each celebrity.
- Your company logo on guest invitations.
- CDs or links of photos taken by professionals of your space and the event at end of event (maximum 2/3 days after end of event).
- Your signage in the Suite.
- Invitation to this retreat will be sent to all key publicists, stylists and major A-list celebrities' presenters and nominees.
- Inclusion in 3DPA social medias such as Pinterest board, Facebook company page, and daily Instagram and daily Twitters

**Services expected from SPONSOR:**

SPONSOR agrees to provide enough **products** at no cost to DPA to be offered to celebrities during event

**Fee**:  Reduced fee of US $4,000 (four thousands) to be by April 21st, 2019 (as a "package " with Cannes gift suite)
SPONSOR agrees to not discuss the terms of this agreement with any outside party. YOUR company is responsible for **ALL bank fees**.

SPONSOR **is responsible for the shipping and customs fees** of your products to the Carlton Hotel in Cannes

*A late fee of 5% will be charged if one of the payments is late of 5 days or more.*

This fee is NON-REFUNDABLE in case of SPONSOR's cancellation

Signature *Gabrielle Shoykhet*

**Name of Representative: GABRIELLE SHOYKHET**

**Company's Name: CAVI PUR LLC**

**Company's Address 16699 Collins Ave Sunny Isles Beach, FL 33160**

**Today's Date: MAY 2, 2019**

**Bank infos**
SWIFT: CITIUS33
 - name on account: Nathalie Dubois
Account number:42022795720
citibank Branch/ Agence: Citibank 4375 Glencoe Ave, **Marina Del Rey**, CA 90292
Intermediary bank/ Banque intermédiaire: 0210-0008-9
Routing number: 3211-7118-4

*Please ensure you have also read thoroughly the Rules to our gift suite. Should you break any of these rules, you will be responsible for a $500 Compensation fee.*
*We also want to add that you are responsible  of any damages caused to the room or the hotel , by your company or your company's  employees*

**INITIALS:**



## Invoice #DPACannes-17561*/ Cavipur

**Company participating "sponsor":**
Cavipur

**Date:** May 14 to 23, 2019 (14 being set up)

**Location:** Carlton Hotel, Cannes

**Services provided by DPA:**

PR of Cavipur during the DPA Cannes gift suite, during the Festival, press and celebrities product placement.

- Entitles Sponsor to have 2 **representatives** interacted one-on-one with celebrity guests
- You will have access to speak live on national  or international TV, if TV is confirmed
- Your company will be mentioned in the pre and post press.
- Your products featured in the retreat: your representative will personally introduce product lines, receive feedback and allow each celebrity to select their items.
- Professional photos with products in hands of celebrities.
- Space to expose your products, (table and table cloth)
- Will work in coordination with your PR department.
  In-house PR's staff to manage press, key media and escort celebrities
- Product mentioned in the press release and invitation/program given to each celebrity.
- Your company logo on guest invitations.
- CDs or links of photos taken by professionals of your space and the event at end of event (maximum 2/3 days after end of event).
- Your signage in the Suite.
- Invitation to this retreat will be sent to all key publicists, stylists and major A-list celebrities' presenters and nominees.
- Inclusion in 3DPA social medias such as Pinterest board, Facebook company page, and daily Instagram and daily Twitters

**Services expected from SPONSOR:**

SPONSOR agrees to provide enough **products (250 minimum)** at no cost to DPA to be offered to celebrities during event

**Fee**:  Reduced fee of 8000 dollars (eight thousands dollars) to be done before April 21st, 2019 (rate working as a "package " with the pre ESPYs suite)

SPONSOR agrees to not discuss the terms of this agreement with any outside party. YOUR company is responsible for **ALL bank fees**.

SPONSOR **is responsible for the shipping and customs fees** of your products to the Carlton Hotel in Cannes

*A late fee of 5% will be charged if one of the payments is late of 5 days or more.*

This fee is NON-REFUNDABLE in case of SPONSOR's cancellation

Signature:   *Gabrielle Shoykhet*

**Name of Representative:    Gabrielle Shoykhet**

**Company's Name:   Cavipur LLC**

**Company's Address: 16699 Collins Ave Sunny Isles Beach, FL 33160**

**Today's Date: 4/22/19**

**Bank infos**
SWIFT: CITIUS33
 - name on account: Nathalie Dubois
Account number:42022795720
citibank Branch/ Agence: Citibank 4375 Glencoe Ave, **Marina Del Rey**, CA 90292
Intermediary bank/ Banque intermédiaire: 0210-0008-9
Routing number: 3211-7118-4

*Please ensure you have also read thoroughly the Rules to our gift suite. Should you break any of these rules, you will be responsible for a $500 Compensation fee.*
*We also want to add that you are responsible  of any damages caused to the room or the hotel , by your company or your company's  employees*

**INITIALS:**

076

# EXHIBIT H

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2020 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mohammadi,Deputy Clerk

1  NATALLIA MAZINA (SBN 271824)
2  AMANPREET KAUR (SBN 271782)
   MAZINA LAW
3  10866 Wilshire Blvd., 4th Floor
   Los Angeles, CA 90024
4  Tel.: (818) 945-9005
5  Fax: (415) 358-8839

6  Attorneys for Plaintiff
   CAVI PUR LLC, ANNA SHOYKHET,
7  GABRIELLE SHOYKHET

8           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES, NORTH VALLEY DISTRICT

10

11

12  CAVI PUR LLC, ANNA SHOYKHET,        )  Case No.: 19SMCV01898
    GABRIELLE SHOYKHET,                 )
13                         Plaintiffs,  )  **PROOF OF SERVICE**
                                        )
14      vs.                             )
                                        )
15  NATHALIE DUBOIS, DUBOIS PELIN       )
    ASSOCIATES GROUP, and DOES 1 through)
16  10,                                 )
                                        )
17                         Defendants.  )
                                        )
18                                      )
                                        )
19  ───────────────────────────────────)

20

21      I, Jorge Bueso, declare:

22      I am over the age of 18 years and not a party to the within cause.  My business address is

23  100 Pine street, Suite 1250, San Francisco, CA 94111.  On May 29, 2020, I served the following

24  documents(s) by the method indicated below:

25

26      **FIRST AMENDED COMPLAINT**

27

28

1

## PROOF OF SERVICE

2

Re:    *CaviPur LLC v. Dubois., Case No. 19SMCV01898*

3

I, Jorge Bueso, declare:

4

I am over the age of 18 years and not a party to the within cause.  My business address is 100 Pine street, Suite 1250, San Francisco, CA 94111.  On May 29, 2020, I served the following documents(s) by the method indicated below:

5

6

**FIRST AMENDED COMPLAINT**

7

8

[X] (By Mail)  By causing each such envelope to be served by depositing same, with postage thereon fully prepared, with the United States Postal Service in the ordinary course of business at San Francisco, California.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United State Postal Service.

9

10

[X] (By Electronic Mail)  By causing each such document to be delivered by electronic service to individual emails set forth below, as agreed by the parties.

11

12

[] By Facsimile Transmission)  By causing each such document to be served by facsimile transmission to the fax number(s) set forth below.

13

NATHALIE DUBOIS            Email: nathab@me.com
Pro per defendant          nathalied@dpagroup.org

14

Marina Del Rey
13428 Maxella Ave., 274
Marina del Rey, CA 90292

15

16

17

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 29, 2020 at Fairfax, CA.

18

19

20

Jorge Bueso

21

22

23

24

25

26

27

28