

FILED
2020 JUL -2 PM 12: 29

Nathalie Dubois
13428 Maxella Ave. Suite 274
Marina Del Rey, CA 90292
Tel. 310-482-9111

Plaintiff In Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| CAVI PUR LLC, ANNA SHOYKHET, GABRIELLE SHOYKHET,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATHALIE DUBOIS, DUBOIS PELIN ASSOCIATES GROUP, and DOES 1 through 10,<br>    Defendants. | Case No.: 20-CV-5654-MWF(ADSx)<br><br>DEFENDANT NATHALIE DUBOIS, INDIVIDUALLY AND DOING BUSINESS AS DUBOIS PELIN ASSOCIATES GROUP NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE: AUGUST 3, 2020<br>TIME: 10:00 AM<br>CTRM: 5A |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on August 3, 2020, at 10:00 a.m., or as soon thereafter as may be heard, in Courtroom 5A, of the above-entitled Court located at First Street Courthouse, 350 West First Street Street, Los Angeles, California, defendant NATHALIE DUBOIS, INDIVIDUALLY AND DOING BUSINESS AS DUBOIS

PELIN ASSOCIATES GROUP ("Defendant") will and hereby does move this Court for an order dismissing, with prejudice, the First Amended Complaint ("FAC") of CAVI PUR LLC, ANNA SHOYKHET and GABRIELLE SHOYKHET, ("Plaintiffs").

This Motion is made and based upon Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, and is based on the ground that Plaintiffs fail to state a claim upon which relief may be granted and the FAC is barred as a matter of law.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Pursuant to Local Rule 7-9 and 7-10, any opposition to this Motion must be filed no less than 21 days before the hearing date. A reply to the opposition must be filed no less than 14 days before the hearing date.

Dated: July 2, 2020

_____
Nathalie Dubois
Defendant Pro Se individually and doing business as Dubois Pelin Associates Group

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a breach of contract action against Defendant in connection with access to sell Plaintiffs' wares to film celebrities at the Intercontinental Carlton Hotel in Cannes, France during the Cannes Film Festival in May 2019.

On May 29, 2020, Plaintiffs filed their First Amended Complaint ("FAC") in the Los Angeles Superior Court asserting the following claims against Dubois: (1) Breach of Contract; (2) Conversion, (3) Unfair Business Practices, (4) Assault, (5) Fraud and Deceit; and Intentional and Negligent Infliction of Emotional Distress. (FAC at pp. 1-11.) Plaintiffs seek general, special, consequential, incidental, exemplary, treble and punitive damages, as well as attorneys' fees, pre-judgment interest and restitution. (FAC at p. 11.)

The case was removed to this Court on June 25, 2020.

## II.

## ARGUMENT

### A. STANDARDS APPLICABLE TO A MOTION TO DISMISS

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. *Federal Rules of Civil Procedure* ("FRCP"), Rule 12(b)(6). Although a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief" (*FRCP* Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft, supra,* 129 U.S. at 663 (*citing Twombly, supra,* 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of

action's elements, supported by mere conclusory statements" (*Id.*), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit addressed post-*Ashcroft* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* Court opined:

> "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Additionally, matters that are properly the subject of judicial notice may be considered along with a complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a Court may take judicial notice of public records); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (a Court may take judicial notice of its own records or records of any other Court). As demonstrated herein, Plaintiffs' FAC consists of faulty legal theories and threadbare recitals admonished above and it simply cannot survive this Motion to Dismiss. Therefore this Motion to Dismiss should be granted without leave to amend.

**B.  COUNT I FOR BREACH OF CONTRACT FAILS TO STATE SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW**

Plaintiffs allege breach of contract against Defendant. [FAC ¶¶ 37-49].

*Code of Civ. Proc.* § 367 provides: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." See *Gantman v. United Pac. Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566; *Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.)* (2009) 180 Cal.App.4th 980, 991.

To prevail on a breach of contract claim, the Plaintiffs will need to establish each of these essential elements: (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." (*Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.)

Plaintiff attach as Exhibit 1 to the FAC the alleged contract. The only party mentioned in the Exhibit as purchasing a position as a "Company participating sponsor" is the Plaintiff Cavi Pur, LLC. Plaintiffs Anna Shoykhet and Gabrielle Shoykhet are not parties to the agreement and thus have no standing under *Code of Civ. Proc.* § 367 and do not state facts sufficient to state a cause of action for breach of contract.

## C. COUNT II FOR CONVERSION FAILS TO STATE SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW

Plaintiffs allege conversion against Defendant. [FAC ¶¶ 50-56].

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.)

"It is necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." . . .' " (*Shopoff & Cavallo LLP v. Hyon* (2008) 167 Cal.App.4th 1489, 1507.)

" 'To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession. . . . Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion.' " (*Moore v. Regents of the Univ. of Cal.* (1990) 51 Cal.3d 120, 136.)

Plaintiffs completely fail to allege who has ownership of the alleged product that was converted by Defendant. Exhibit 1 at page two states that the "Sponsor" which is Cavi Pur, LLC is to provide product. Neither of the individual plaintiffs inserted in the contract that either of them were providing product that was owned by them!

D. **COUNT III FOR VIOLATION OF CALIFORNIA'S UNFAIR CLAIMS ACT SECTION 17200, ET SEQ. FAILS TO STATE SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW**

Plaintiffs allege violation of California's Unfair Claims Act Section 17200, et seq. against Defendant. [FAC ¶¶ 57-62].

A UCL plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011).

Since Cavi Pur, LLC is the only contracting party with Defendant and which paid for Sponsorship and provided the product, it is factually impossible for individual Plaintiffs to state a cause of action under Section 17200.

E. **COUNT IV FOR ASSAULT FAILS TO STATE SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW**

Plaintiffs allege assault against Defendant. [FAC ¶¶ 63-69].

The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." (*So v. Shin* (2013) 212 Cal.App.4th 652, 668–669.)

" 'Generally speaking, an assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present.' " (*Plotnik v. Meihaus* (2012) 208 Cal. App. 4th 1590, 1603–1604.)

"A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm." (*Lowry v. Standard Oil Co. of*

*California* (1944) 63 Cal.App.2d 1, 6–7.)

"Furthermore, . . . 'while apprehension of that contact is the basis of assault [citation,] [m]ere words, however threatening, will not amount to an assault. [Citations.]' " (*Plotnik, supra*, 208 Cal.App.4th at p. 1604.)

Restatement Second of Torts, section 21 provides: (1) An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension. (2) An action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

There are no allegations that Nathalie acted with intent to cause an apprehension, that Anna was in fear of a harmful touching, and that there were any damages as a result of Nathalie blocking Anna from entering the suite. Anna attempts to reinforce her lack of sufficient facts by allegations of controversial statements by Nathalie which are defective as a matter of law.

There are no allegations of that Defendant as a matter of law did anything to Gabrielle that constitutes an assault.

There are no allegations of that Defendant as a matter of law did anything to Cavi Pur, LLC or that such could be possible that constitutes an assault. Defendant asserts as a matter of law the Court should sustain without leave since it is legally impossible to assault Cavi Pur, LLC.

**F.     COUNT V FOR FRAUD AND DECEIT FAILS TO STATE SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW**

Plaintiffs allege Fraud and Deceit against Defendants. [FAC ¶¶ 70-78].

"The elements of fraud that will give rise to a tort action for deceit are: " '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge

of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' " (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974.)

"A complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." (*Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816).

"Puffing," or sales talk, is generally considered opinion, unless it involves a representation of product safety. (*Hauter v. Zogarts* (1975) 14 Cal.3d 104, 112.)

"Fraud is an intentional tort; it is the element of fraudulent intent, or intent to deceive, that distinguishes it from actionable negligent misrepresentation and from nonactionable innocent misrepresentation. It is the element of intent which makes fraud actionable, irrespective of any contractual or fiduciary duty one party might owe to the other." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 482.)

"A promise of future conduct is actionable as fraud only if made without a present intent to perform. 'A declaration of intention, although in the nature of a promise, made in good faith, without intention to deceive, and in the honest expectation that it will be fulfilled, even though it is not carried out, does not constitute a fraud.' Moreover, ' "something more than nonperformance is required to prove the defendant's intent not to perform his promise." . . . [I]f plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury.' " (*Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 481.)

The facts constituting fraud must be specifically pleaded so that the court can determine from the complaint whether a prima facie case is alleged. *Cooper v. Leslie Salt Co.* (1969) 70 Cal. 2d 627, 636; *Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App 4th 772, 782–783 (conclusory allegation that defendants made false representations without indicating specifically what was said by whom or in what

manner, lacked the requisite specificity for pleading fraud). General allegations are insufficient. *Morton v. Loveman* (1968) 267 Cal.App.2d 712, 720. Every element of the cause of action for fraud must be alleged in the proper manner, factually and specifically. *Lesperance v. North Am. Aviation, Inc.* (1963) 217 Cal.App.2d 336, 344.

Plaintiffs also fail to plead any specificity of Defendant's intent to defraud to survive scrutiny under the heightened pleading requirements of Rule 9(b).

**G. COUNT VI FOR EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW**

Plaintiffs allege Intentional and Negligent Emotional Distress against Defendants. [FAC ¶¶ 79-82].

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' " *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051. "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209. "[L]iability 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . . There is no occasion for the law to intervene . . . where someone's feelings are hurt.' " *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 946, quoting Rest.2d Torts, § 46, com. d, overruled on other grounds in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 579–580.

First, Cavi Pur, LLC cannot allege damages for emotional distress. Secondly, the allegations are not sufficiently outrageous to constitute as a matter of law, emotional

distress.

## III.
## CONCLUSION

For the above stated reasons, Defendant requests the Court grant her Motion and Dismiss the Plaintiffs' First Amended Complaint with prejudice.

Dated: July 2, 2020

*DJBoV*

Nathalie Dubois
Defendant Pro Se individually and doing business
as Dubois Pelin Associates Group

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 13428 Maxella Ave. Suite 274, Marina Del Rey, CA 90292

On July 2, 2020, I served true copies of the foregoing document(s) described as: DEFENDANT NATHALIE DUBOIS, INDIVIDUALLY AND DOING BUSINESS AS DUBOIS PELIN ASSOCIATES GROUP NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES _ on the interested parties in this action by placing a true and correct copy of the document thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Natalia Mazina, Esq.<br>Amanpreet Kaur, Esq.<br>MAZJNA LAW<br>10866 Wilshire Blvd., 4th Floor<br>Los Angeles, CA 90024 | Attorneys for Plaintiffs Cavi Pur LLC, Anna Shoykhet, Gabrielle Shoykhet |

(BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of July 2020 at Marina del Rey, CA.

_____
Aboubacar Sissoko