NATALLIA MAZINA (SBN  271824)
AMANPREET KAUR  (SBN  271782)
MAZINA LAW
10866 Wilshire Blvd., 4th Floor
Los Angeles, CA 90024
Tel.:  (818) 945-9005
Fax:  (415) 358-8839

Attorneys for Plaintiff
CAVI PUR LLC, ANNA SHOYKHET,
GABRIELLE SHOYKHET

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CAVI PUR LLC, ANNA SHOYKHET, GABRIELLE SHOYKHET, <br><br> Plaintiffs, <br><br> vs. <br><br> NATHALIE DUBOIS, DUBOIS PELIN ASSOCIATES GROUP, and DOES 1 through 10, <br><br> Defendants. | Case No.: 2:20-cv-05654 <br><br> **NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing: August 17, 2020 <br> Time:     10:00 am <br> Courtroom: 5A <br> Judge: Hon. **Michael W. Fitzgerald** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Please take notice that on August 17 at 10:00 am or as soon thereafter as this matter may be heard in Courtroom 5A located at First Street Courthouse, 350 West First Street, Los Angeles, plaintiffs will and hereby move the court for an order pursuant to 28 U.S.C. 1447(c) remanding this action to the Superior Court in and for the County of Los Angeles and granting attorneys' fees and costs to plaintiffs.

Plaintiffs move to remand on the ground that:

---

(1) The complaint does not raise a substantial federal question that is necessary to resolution of any of plaintiff's claims, and

(2) The defendants reside in the state where the action was brought.

Plaintiffs' motion for remand is based on this notice of motion and motion, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the Court before the motion is submitted for decision.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs filed a civil action in the Superior Court of California in and for the County of Los Angeles. Plaintiffs allege breach of contract, conversion, assault, unfair business practices under Business and Professions Code Section 17200 et seq., fraud, and negligent/intentional infliction of emotional distress arising out of Defendants' contractual relationship with Plaintiffs.

On June 25, 2020, Defendants filed a petition for removal in this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The removal petition seeks removal on the basis of complete diversity of citizenship and the amount in controversy.  Removal to federal court was improper because no basis for removal appears on the face of the complaint.

## ARGUMENT

### 1.  The removal statute is to be interpreted strictly against removal.

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota, 871 F.2d 109, 110* (9th Cir. 1989). There must be ***no doubt*** that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc.*, 980

F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

**2. Removal is not proper because Defendants are residents of the state where the action was filed.**

28 U.S.C.A. § 1441 (b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

As Defendants explain in their Notice of Removal, all Defendants are residents of California:

"13.  Defendant Dubois, at all relevant times is and was an individual resident of the County of Los Angeles, State of California. Dubois does business under the name of Dubois Pelin Associates Group which is a sole proprietorship and not a separate business entity from herself as a individual...

20.  Dubois is a citizen of California."

Notice of Removal at 2.

The petition is solely based on the jurisdiction under 1332(a). Therefore Defendants cannot remove this action to this Court. (Also see, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996): When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought," § 1441(b)."

### 3.    Attorneys' fees request is proper

Courts may award attorneys' fees under §1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants did not have an objectively reasonable basis for removing this case to federal court. The case law and 28 U.S.C.A. § 1441 (b)(2) is clear that a defendant residing in the state where the action was brought cannot remove the case if  the complaint is not raising federal questions. The removal was filed to cause delay and increase plaintiffs' expenses. Therefore, a request for attorneys' fees should be granted.

### CONCLUSION

As demonstrated above, this court lacks removal jurisdiction over this action. The complaint seeks relief exclusively under state law and Defendants potential federal defenses (complete diversity and amount in controversy) do not support removal jurisdiction because all Defendants are residents of the state where the action was filed. Therefore, the Court should grant Plaintiffs' motion to remand this action to the superior court and award Plaintiffs their just costs and expenses incurred in connection with defendant's attempted removal of this action.

DATED: July 6, 2020                             **MAZINA LAW**

_____

NATALLIA MAZINA
Attorneys for Plaintiffs
ANNA SHOYKHET, GABRIELLE
SHOYKHET
CAVI PUR LLC

---

NOTICE OF MOTION AND MOTION TO REMAND                                          4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, Natallia Mazina, hereby certify that, on July 7 , 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

_____

NATALLIA MAZINA